Van Nest
v.
Yeomans.

</div>

---

VAN NEST vs. YEOMANS.

Two lots of land, belonging to the defendant, were sold on the 5th July last, by virtue of an execution in favor of one Orrin Day, and brought the sum of $746. The amount due on the execution, was $411 83; leaving a balance in the hands of the sheriff, of $334 17. Immediately after the sale

*On a sale of real estate, under a senior execution, a junior judgment creditor is entitled to the surplus monies.*

UTICA,
Aug. 1828.

Van Nest
v.
Yeomans.

an order was presented to the sheriff, signed by the defendant, requiring him to pay the surplus monies to one Solomon Yeomans, to whom the defendant was indebted by *bond*. The order bore date, and was given, on the second day of May last. On the day of the sale, and before the surplus monies were paid over, a *fi. fa.* was delivered to the sheriff in the above entitled cause, issued on a judgment docketed on the 5th May, 1826, directing a sum, exceeding $400, to be levied; and notice was given to the sheriff, that he would be required to appropriate the surplus monies towards satisfaction of that execution. A motion was now made for an order to that effect.

*Van Orden* and *Dorlon*, for plaintiff.

*Powers* and *Day*, contra.

*By the Court*, WOODWORTH, J.   The plaintiff is entitled to the effect of his motion. He was a judgment creditor, and had a lien upon the property sold. Had the sale taken place under his judgment, he might have become the purchaser, and would have had the benefit of the property, to the extent of its value, subject only to the anterior lien of the judgment on which the property has been sold. Of this right he ought not to be deprived by the act of the defendant, giving a preference to another creditor, by means of an order or direction to the sheriff, to pay over the surplus monies. The right of a junior judgment creditor to redeem, if such a proceeding was allowed, might frequently be of no use; for if the property was sold at its full value, and the surplus paid to the defendant, or to his order, it would be of no benefit to the junior judgment creditor to redeem. The only way, therefore, in which his judgment can be rendered availing, is to direct the sheriff to pay over the surplus monies to him. This the court have a right to order; for whilst the avails of the sale remain in the hands of the sheriff, they are subject to the control of the court. A rule is granted accordingly, that the surplus monies be paid over to the junior judgment creditor.