## SUPREME COURT.

### RIDGEWAY agt. BULKLEY AND OTHERS.

The representatives of a deceased plaintiff, who dies pending the action, have no right to elect whether it shall stand revived or not; the defendants are entitled to have the suit continued in the name of the plaintiff's representative.

*Albany Special Term, Nov.* 1852. *Motion by defendants that the action be continued in the name of the administratrix of the plaintiff.* The suit was cemmenced in June 1848, and was an action of assumpsit. Issue was joined, and the cause was referred. A trial was had before the referee, but, before he made his decision, the plaintiff died. On the 6th of May 1851, Julia Ridgeway, the plaintiff's widow, was duly appointed administratrix of his estate.

O. MEADS, *for Plaintiff*.

G. W. BULKLEY, *for Defendants*.

HARRIS, Justice.—The 121st section of the Code is, for the most part, a reënactment of the provisions of the Revised Statutes, in relation to the abatement of suits in equity (2 *R. S.* 184, §§ 107 to 119). If a plaintiff died, the court, upon the application of the defendant might order his representatives to show cause why the suit should not stand revived in their names, or the bill be dismissed. The chancellor held that this provision was intended to authorize the revival of a suit, by a summary proceeding, and that the representatives had no right to elect whether the suit should stand revived, or the bill be dismissed. This, I think, is the true construction of the section of the Code in question. It declares, generally, that in cases where the cause of action survives, the action shall not abate; and then, to give effect to this rule, it authorizes the court to make an order for the continuance of the suit in the name of the representative. This was so held, in case of the death of a defendant, in Waldorph vs. Bartle (4 *How. Pr. R.* 358). It was held, in Vrooman vs. Jones (5 *How. Pr. R.* 369), that the statute could not be made applicable to one who had succeeded the defendant in interest before the adoption of the Code. In that case, a defendant in ejectment had, before the adoption of the Code, sold his interest in the land in controversy to another. To have substituted the purchaser as a defendant, would have subjected him to liability for the costs of the suit against his vendor. This could not have been done, at the time of the purchase by him, and a subsequent statute could not be made to retroact in a manner to produce such an effect.

But in this case no such difficulty exists. The plaintiff died, and, of course, the administratrix succeeded to his interest, after the adoption of the Code. When she took upon herself the burden of her trust, she took it chargeable with knowledge that the law authorized her to be made a party to the pending suit. I think the defendants are entitled to have the suit continued in the name of the administratrix. The motion must, therefore, be granted, but without costs.