ROBERT WHITACRE, Respondent, vs. GEORGE CULVER, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

This was an action by the holder of a promissory note. The Defendant pleaded that it was given to the payee as accommodation paper—that there was nothing due to him at the making thereof, or at the time it became due, and that it was transferred to the Plaintiff after maturity.   The Plaintiff replied, denying that there was nothing due on the note as alleged in the answer, averring that it was given for a balance found to be due the payee on settlement then had with the Defendant, and also set forth facts for the purpose of estopping the Defendant from setting up such defence.   *Held*—

1st.—That the defence went to the whole consideration—that a special finding by the jury that something was due the payee, at the time of making the note, entitled the Plaintiff to a verdict for the full amount of the note, and that a general verdict in his favor covered all the allegations, in regard to a settlement contained in his reply.

2d.—That the jury having found the defence of want of consideration untrue in point of fact, all questions concerning the estoppel were thereby rendered

unimportant, whether arising upon the evidence relating thereto, or upon the charge of the Court.

3d.—That the Court did not err in instructing the jury " That if the note of the Defendant was given upon settlement of accounts with F. [the payee] for the balance then fixed upon as due from him to F., and there has been nothing paid on it since, the Plaintiff is entitled to a verdict, unless it is made to appear that there was a mistake in that settlement ; and if the Defendant seeks to avoid the liability on the ground of such mistake, he should make the fact clearly appear.

4th.—It was not error for the Court to instruct the jury that an assignment of the claim by the Plaintiff did not affect the action.


Points and authorities for Appellant.

I.—The Court below erred in the charge and ruling, upon the question of estoppel. *See* 6 *Minn.*, 297 ; *also,* 8 *Minn.*, 139.

II.—The charge of the Court below as to the consideration of the note was erroneous and calculated to mislead the jury, whereby the jury were given to understand that the note in question was given upon a settlement of accounts, and that it was incumbent upon the Defendant to show that there was a mistake in such settlement to make out a defence, whereas the evidence did not show any settlement of accounts ; but, on the contrary, that the accounts of Fridley and Defendant were never settled, and the note was accommodation paper, to be taken up by Fridley.

III.—The Court also erred in charging the jury that if they found in favor of the Plaintiff upon the proposition submitted to them, to wit, " Was there anything due upon the note given by the Defendant at the time of the maturity thereof ?"—they should find the whole amount of the note.

IV.—The Court also erred in instructing the jury that the assignment of the claim by the Plaintiff did not affect this action.

V.—The Court also erred in admitting the deposition introduced by the Plaintiff, and also the portions of said deposition objected to and excepted to by Defendant.


Points and authorities for Respondent.

I.—There was no error in the charge of the Court as to the amount for which the jury must find, in case they found in the

affirmative upon the first proposition submitted; that is, that there was something due upon the note, &c., because the Court told them that " if there was no mistake, &c.," in giving the note, they must find for the Plaintiff for the whole amount.

But, furthermore, if the Court had only said to the jury that if they found in the affirmative upon said proposition they must find for the Plaintiff for the whole amount of the note, without saying anything further, it would have been correct, and why ?  Because the defence is want of consideration, and if there was anything due, then the defence fails, for partial want of consideration cannot be interposed as a defence to an action on a promissory note, so decided by this Court in *Armstrong vs. Walters*, 5 *Minn.*, 448; and much less, then, can a party avail himself of partial want of consideration, where his defence is entire want of consideration.

II.—There was no error in the charge of the Court upon the question of estoppel.  It is not claimed that the proposition of law, as stated by the Court to the jury upon the question of estoppel, is, in itself, erroneous; but it is claimed that the pleadings are not sufficient to enable the Plaintiff to avail himself of this estoppel.  This is a mistake.  The reply alleges the facts, amounting to an estoppel.  But even if this was not so, the Defendant cannot avail himself of the fact by merely excepting to the judge's charge.  He should have demurred, moved to strike out, or objected to the evidence when offered on the trial.  What the proof was on the question of estoppel, is not in the " case," and therefore not before the Court; but the Court is bound to suppose that it is sufficient to warrant the verdict; and no motion was made for a new trial upon the ground that it was not.  As to the variance between allegations of a pleading and the proof, *see sec.* 90, *p.* 543 *of Statutes*.

The proof being sufficient to warrant the verdict of estoppel (which the Court is bound to assume,) and the law, as embodied in the charge upon the subject being correct in itself, the objection is that it is inapplicable, and, therefore, erroneous, as the proof must have been at variance with the pleadings.  Admitting such

variance, and the party can only avail himself of it pursuant to the above section of the statute referred to, and cannot do so as he is now attempting.

Furthermore, the record does not show any objection to the proof upon the ground of variance (as in fact none such was made,) and if improper or incompetent testimony is offered, it must be objected to, otherwise the party waives the objection. 8 *Minn.*, 107.

The judgment must be affirmed of course, unless there was error in the charge upon both issues in the case.

HORN, LUND & GALUSHA, and H. R. BIGELOW, Counsel for Appellant.

SMITH & GILMAN, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This case was before this Court at the December Term, 1861, when a new trial was granted the defendant. It again came up in a little different shape at the January Term, 1863, and was again sent back, at the instance of the defendant, for new trial. It is now here once more, but with the facts as found materially differing from those upon which the former decisions were made.

Each party seems to have amended his pleadings since the former trials, and the issues as now presented by the pleadings arise substantially as follows:

The plaintiff declares on a promissory note given by the defendant to one A. M. Fridley, and by him assigned to the plaintiff, as collateral security for a note given by Fridley to the plaintiff. The complaint then, anticipating the defence, sets up facts intended to estop the defendant from denying his indebtedness on the note. The defendant, while admitting the making of the note, alleges in his answer that it was not given in consideration of any indebtedness to said Fridley, but solely for his accommodation. (averring that Fridley was at the time and ever since indebted to

him, the said Plaintiff,) and that said note had long been due at the time of the transfer thereof to the Plaintiff. The reply of the Plaintiff denies that there was nothing due from the Defendant to Fridley, at the giving of the note; or that said Fridley was then indebted to the Defendant, and avers that said note was given for the balance then found to be due from the Defendant to Fridley upon the accounts then existing between them. The reply also contains further and minute allegations of facts and circumstances to estop the Defendant from availing himself of the defence set up in the answer; but in the view we have taken of the questions presented to us, these allegations and their denials have no controlling influence, and therefore need not be particularized.

In addition to a general verdict, the jury was required to find, specially, first, whether anything was due to Fridley at the time the note, given him by the Defendant, matured; and second, whether, under the evidence in the case, and the law as given by the Court, the Defendant was estopped from denying his liability on the note. And as to these, the Court instructed the jury, "that if they found for the Plaintiff on the first of the above propositions, or interrogatories, (that is, if there was no mistake, in the giving of said note, as to the state of the accounts between the Defendant and Fridley, and no change had occurred when the Plaintiff took the note; in other words, should the jury believe that the Defendant was mistaken in his testimony,) they should find in his [Plaintiff's] favor for the whole amount of the note and interest claimed by the Plaintiff." "And that if they found for the Defendant thereon, but found for the Plaintiff on the second proposition, or interrogatory, they should find for the Plaintiff for the amount of the note and interest, after deducting the amount of $450.00, or thereabouts, referred to in the alleged representations of the Defendant."

The Court also, amongst other matters, charged at some length upon the question of estoppel as applicable to this case; and further instructed the jury, that the assignment of the claim by the Defendant, did not affect the right to recover in this action. To each of these instructions the Defendant excepted.

The jury returned a general verdict for the Plaintiff, for the full amount of the note, and found in the affirmative on both the propositions or interrogatories which had been especially submitted. The Defendant then moved the Court for a new trial, failing in which, he appealed to this Court from the order denying said motion.

The first point urged by the Defendant here is, that the Court below erred in its charge and ruling upon the question of estoppel. But whether this point, even if well taken, can now avail the Defendant here, will wholly depend upon the force of his second and third points, which we propose first to examine.

They are thus stated:

" 2. The charge of the Court below, as to the consideration of the note, was erroneous, and calculated to mislead the jury, whereby the jury were given to understand that the note in question was given upon a settlement of accounts, and that it was incumbent upon the Defendant to show that there was a mistake in such settlement to make out a defence, whereas the evidence did not show any settlement of accounts, but, on the contrary, that the accounts of Fridley and the Defendant were never settled, and the note was accommodation paper, to be taken up by Fridley."

" 3. The Court also erred in charging the jury that if they found in favor of the Plaintiff, upon the proposition submitted to them, to wit, " Was there anything due upon the note given by the Defendant, at the time of the maturity thereof?' they should find the whole amount of the note."

So far as the evidence is referred to in the second, or any other of Defendant's points, we may remark that the jury, by their general verdict for the Plaintiff, have found every issue against the Defendant, and this is conclusive upon him, (except upon the point that the verdict is not sustained by the evidence, which is not a point in this case,) unless the jury were improperly influenced so to find by the charge of the Court; or the general verdict is inconsistent with the facts specially found. The only portion of the judge's charge to which the second point of the De-

fendant can, by any possibility refer, is that wherein the jury were instructed according to the Plaintiff's 'first request,' "That if the note of the Defendant was given upon settlement of accounts with Fridley, for the balance then fixed upon as due from him to Fridley, and there has been nothing paid on it since, the Plaintiff is entitled to a verdict, unless it is made to appear that there was a mistake in that settlement; and if the Defendant seeks to avoid the liability, on the ground of such mistake, he should make the facts clearly appear."

The general principle stated in this charge is, in our opinion, correct, and we see nothing in the language with which it is clothed, calculated to lead the jury to believe that the note had been given on a settlement of accounts, or intimating that such was the opinion of the judge. The whole is stated hypothetically, and the jury were left to determine for themselves whether the note was so given.

In regard to the Defendant's third point above stated, we think that in view of the issue presented by the pleadings the judge was right in his statement of the law on that point; even without the qualifications which the record shows him to have added. The answer sets up facts showing not a partial failure or partial want of consideration merely, but a total want of consideration for the note. The plea is to the whole claim or none. But, even supposing a partial want or partial failure of consideration to have been proved on the trial, it could have availed nothing under the existing state of the pleadings; nor, under the intimation given by this Court in *Walters et al. vs. Armstrong, 5th Minn R.*, 448, could it even be pleaded with effect without a statutory provision authorizing it.

When, however, we take into consideration the qualifications which the Court appended to the general instruction asked for, we find little room for supposing that the Defendant could have been prejudiced by the charge. The jury were, in effect, told, that notwithstanding the Defendant may have been indebted to Fridley at the time the note became due, still, before they could

find for the Plaintiff the full amount thereof, it must appear that there was no mistake as to the state of accounts at the time the note was given, nor any change therein before it was transferred to the Plaintiff, all of which was highly favorable to the defence.

This view of the Defendant's second and third points renders it unnecessary for us to consider whether the Court below erred in regard to the question of estoppel, as claimed by the Defendant, in the first point which he makes. For if, as we have above held, the Defendant's indebtedness to Fridley, as found by the jury, is a sufficient consideration for the note, and the Plaintiff therefore entitled, under the pleadings, to recover the full amount thereof, principal and interest, the Defendant could not be prejudiced by any rulings or charge of the Court on the question of estoppel, however erroneous it might prove to be; because the defence concerning which the estoppel is asked, and resisted, is not available—in other words, there is nothing on which the estoppel can operate.

This also disposes of or renders it unnecessary to consider the fifth and last point made by the Defendant, wherein objection is made to the numerous rulings of the Court below, in receiving in evidence the depositions of the Plaintiff, and permitting various parts thereof to be read, notwithstanding the Defendant's objections thereto. There is no part of said deposition relating to any issue but that of the estoppel, and therefore, for reasons before stated, the Defendant could not have been prejudiced by it.

.There remains but one other point urged by the Defendant, to wit, the fourth, but this, we think, is satisfactorily settled by the statute (*Com. Stat.*, 535, *sec.* 37,) wherein it is declared that an action does not abate by the death, marriage, or other *disability* of a party, *or by the transfer of any interest*, if the cause of action survive or continue. And it further provides that in case of the death, marriage or other disability of a party, the Court, on motion, may allow the action to be continued by his representative or successor in interest. And in case of *any other transfer of interest*, it is provided that the action may be continued in the name of the original party; or the Court may allow the person to

whom the transfer is made, to be added or substituted as a party to the action. It needs no argument to show the applicability of this section to the case before us.

The order denying a new trial is affirmed.