Robert Chisholm,

*v.*

George B. Clitherall, *et al.*

Under *Sections* 26 *and* 36, *Ch.* 66, *tit.* 3, *General Statutes*, if a transfer of interest in property which is the subject of an action, takes place *pendente lite*, and the assignee desires to proceed, whether in the name of the original plaintiff, or otherwise, he must, in a proper proceeding, establish the fact of the transfer, and obtain the leave of the court to continue the action in the name of the original plaintiff, or be added or substituted in the action, which must be upon notice to parties; and if the plaintiff of record has taken any proceeding without the consent of the assignee subsequent to the assignment, unless the rights of third parties prevent, such proceeding may be set aside. *Whitaker vs Culver*, 9 *Minn.* 295, considered, and distinguished from the present case.

An action was brought by Chisholm to foreclose a mortgage given by the defendant Clitherall to one Gibbs, and assigned by him to the plaintiff; the action was commenced between 1861, and 9th October, 1863. On the 30th of April, 1866, the following stipulation was entered into between the plaintiff and defendant Spencer, the defendant Clitherall not having appeared in the action. "Whereas the plaintiff in said action, and Henry H. Spencer of the defendants therein, have mutually compromised the matters of difference in said action upon the following basis, and terms, to wit: the said plaintiff, Robert Chisholm, is to take judgment and decree of foreclosure in said action, upon one undivided half of the land described in the complaint in said action, and release all claims to the other half of said land. Now, therefore, it is mutually stipulated and agreed by and between the said plaintiff and said defendant Henry H. Spencer, that James Gilfillan Esq., referee in said action, make and file his report in accordance with the foregoing compromise and agreement, and stipulation.

(Signed) { Robert Chisholm, Plaintiff.<br>John L. MacDonald, Attorney for Plaintiff.<br>L. M. & J. H. Brown, Atty's. for Def't. Spencer.

Dated April 30th, 1866.

At the November term, 1866, a judgment or decree, reciting the filing of the report of the referee, &c., was entered in pursuance of the stipulation.

On the 4th of January, 1867, on the affidavit of George A. Gifford, showing, as is claimed, that the note and mortgage on which the action is founded, have, since the commencement of the action, been sold and assigned to him, and the decree entered since said assignment, and without his knowledge or consent; an order was granted to show cause why the judgment should not be vacated; on the return of the order, the plaintiff Chisholm opposing the same, and neither of the defendants appearing, the decree was vacated. It in no manner appeared that the order was served on the defendant Spencer. It is admitted, that Chisholm was the owner of the note and mortgage at the time the action was commenced, and it is nowhere stated, that Spencer had any notice of the assignment prior to the stipulation or to judgment. *Held:* under these circumstances, that the defendant Spencer would have a right to enforce the stipulation by a judgment in accordance with it, and as no notice of the order to show cause was given to Spencer, the judgment could not be set aside as to him, and therefore, it could not be set aside as to the plaintiff.

This is an appeal taken by the plaintiff, from an order of the district court for Scott county, setting aside and vacating the decree which had been entered in the action. The case is fully stated in the opinion of the court.

JOHN L. MacDONALD, for Appellant.

A. G. CHATFIELD, for Respondent.

*By the Court*—McMILLAN, J.   This is an appeal by the plaintiff, Chisholm, from an order setting aside the judgment. This action was brought by Chisholm, to foreclose a mortgage given by the defendant Clitherall, to one Gibbs, and assigned by him to the plaintiff. When the action was commenced does not definitely appear, but we gather from the affidavits in the paper book, that it was some time between 1861, and the 9th of October, 1863. On the 30th of April, 1866, the following stipulation was entered into between the parties of

Chisholm v. Clitherall, et al.

record, the defendant Clitherall not having appeared in the action: " Whereas, the plaintiff in said action and Henry H. Spencer, of the defendants therein, have mutually compromised the matters of difference in said action, upon the following basis and terms, to wit : The said plaintiff, Robert Chisholm, is to take judgment and decree of foreclosure in said action, upon one undivided half of the land described in the complaint in said action, and release all claim to the other half of said land. Now therefore, it is mutually stipulated and agreed by and between the said plaintiff, and said defendant Henry H. Spencer, that James Gilfillan, Esq., referee in said action, make and file his report in accordance with the the foregoing compromise and agreement and stipulation.

(Signed) { ROBERT CHISHOLM, Plaintiff.
          { JOHN L. MACDONALD, Attorney for Plaintiff.
          { L. M. & J. H. BROWN, Att'ys. for Def't. SPENCER.
Dated April 30th, 1866.

At the November term, 1866, a judgment or decree reciting the filing of the report of the referee, &c., was entered, in pursuance of the stipulation. On the 4th of January, 1867, on the affidavit of one George A. Gifford, showing as is claimed, that the note and mortgage on which the action is founded, have, since the commencement of this action, been sold and assigned to him, and the decree in said action was signed and entered since the said assignment, and without his knowledge or consent, an order was granted that the plaintiff Chisholm and defendant Spencer, show cause, &c., why the decree should not be set aside and vacated, &c. On the return of the order, the plaintiff Chisholm opposing, and neither of the defendants appearing, the decree was vacated. It in no manner appears that the order was served on the defendant Spencer. The only evidence introduced at the hearing of the rule, was the affidavit of Gifford, and the

counter affidavit of Chisholm, both of which are set out at length in the paper book. At common law, a chose in action was not assignable, and the assignee could not maintain an action in his own name, but the action must be prosecuted in the name of the person in whom the legal title existed. In equity, it was otherwise, and the action was prosecuted in the name of the real party in interest. The courts of law, however, long since recognized the equitable principle that a chose in action was assignable, not however to the extent of allowing the assignee to bring an action in his own name, but so far as to protect his rights as against the assignor, and all other persons, and permit him to use the name of the assignor in an action for his benefit. At law, therefore, an action did not abate by a voluntary transfer of a chose in action pending the suit. But in equity, the real party in interest being required to prosecute the action, and the assignment of a chose in action being recognized, such transfer worked a qualified abatement of the suit, that is, the plaintiff having no interest, was rendered incapable of prosecuting, and the action was suspended until the real party in interest came in to conduct the proceeding, and the defendant might, by a proper proceeding, enforce the prosecution of the suit by him, or obtain its dismissal. So if a plaintiff, suing in his own right, assigned his whole interest in the suit to another, and the assignee sought to obtain the benefit of the proceeding, as the title upon which he claimed might be litigated, he was required to proceed by an original bill, in the nature of a supplemental bill. *Story's Eq. Pl.*, sec. 349 ; *Daniels' Chy. Pl.*, 2 vol. p. 158, *et seq ;* upon which the rights of the parties might be fully determined. By our statute it is provided by Sec. 26, *tit.* 3, *Ch.* 66, *General Statutes,* "that every action shall be prosecuted in the name of the real party in interest, except as hereinafter provided." * * * *Gen. Stat., p.* 453,

and by *sec.* 36 of the same title : " An action does not abate by the death, marriage, or other disability of a party, or by the transfer of any interest, if the cause of action survives or continues. In case of death, marriage, or other disability of a party, the court on motion at any time within one year thereafter, or afterward on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be added or substituted in the action." *General Stat.*, *page* 454.

It was evidently the intention by *Sec.* 26 above cited, to adopt the equitable rule in all actions, and to change the rule of law which required the party in whom the legal title, irrespective of the equitable title, existed, to bring the action ; the effect, therefore, of the sections was to require the assignee of a chose in action, being the equitable owner, to prosecute the action in his own name. This principle being recognized, it follows that in case of transfer of interest *pendente lite*, the action, in the absence of statutory provision, would abate. *Sec.* 36 prescribes the rules which shall govern in actions where the events, embraced in the section, affecting the action transpire subsequent to its commencement. This, in the case of a voluntary transfer of interest *pendente lite*, so far as the substantial rights of the parties are concerned, does not, we think, change the effect of *Sec.* 26, but only the mode of proceeding. The real party in interest must prosecute the action, but it may be continued in the name of the original party. When the transfer is made, the rights of the assignor terminate, and he can take no further step in the action, and the assignee will be recognized in all future proceedings, although he may proceed in the name of the assignor.

But the Court cannot take judicial notice of such transfer, and only the parties to the record are entitled to the notice of the Court, and until such transfer is properly brought to the attention of the Court, the parties to the record are *prima facie* entitled to proceed. If, therefore, a transfer of interest takes place *pendente lite*, and the assignee desires to proceed, whether in the name of the original plaintiff, or otherwise, he must, in a proper proceeding, establish the fact of the transfer, and obtain the leave of the Court to continue the action in the name of the original plaintiff, or be added or substituted in the action: for if a person claiming to be the assignee of a cause of action, whose title is denied by the plaintiff of record, is permitted to proceed in the action without first having a favorable determination of his right, it is manifest that persons representing conflicting interests may be proceeding at the same time as plaintiffs, in the same cause, the number of whom will be limited only by the persons claiming to be assignees, thus producing interminable confusion. But since, under our statute, the Court will recognize the real owner of the claim as the proper party, the assignee must present his claim for adjudication, upon the record, and be permitted to continue the action with notice to all the parties; and if the plaintiff of record has taken any proceedings without his consent, subsequent to the assignment, unless the rights of other parties prevent, they may then be set aside. This course was not pursued in this case. The party moved to set aside the judgment, without first being admitted to continue the action. The right of the assignee thus to proceed was objected to by the plaintiff, and the objection should have been sustained and the motion denied. In *Whitaker vs. Culver*, 9 *Minn.* 295, the transfer of interest to the attorney of record appeared by deposition upon record, and was not disputed, and the rights of the defendant

could not have been affected; under such circumstances the Court would, as of course, permit the assignee to proceed in the action; the objection was raised by an exception to the charge of the Court to the jury, and it was held in this Court that it was not error in the court below to charge that the assignment of the claim did not affect the action. The point is not considered at any length in the opinion, but we do not think the case conflicts with the views we have expressed. By the stipulation between the plaintiff of record, and the defendant Spencer, they compromised the matter in this suit upon the terms set forth in the stipulation, the latter making no defence, but consenting to a finding against him according to the stipulation. It is admitted by Gifford, that Chisholm was the owner of the cause of action at the time the suit was brought, and it is nowhere stated that Spencer *had any notice of the assignment prior to this stipulation or to judgment.* Under these circumstances the defendant Spencer would have a right to enforce the stipulation by a judgment in accordance with it. It is true, if Spencer had notice of the motion and did not appear, and if the affidavit had stated facts showing that Gifford was entitled to his motion as against Spencer, the latter would have been concluded by his default; but as the affidavit, by omitting to show that Spencer had notice of the assignment prior to the stipulation, does not state such facts, his failure to appear waives no right to raise the objection at any time: and neither the return nor the paper book shows any service of notice on Spencer, which, in any event, was essential. Unless the judgment can be set aside as to all the parties to the stipulation in this case, it cannot be set aside at all, and as it could not have been set aside as to Spencer, it cannot be set aside as to the plaintiff.

The order setting aside the judgment is reversed.