## N. Y. COMMON PLEAS.

PHILIP McLAUGHLIN, plaintiff, agt. THE MAYOR, &c., OF NEW YORK, defendants.

*Substitution of assignee of plaintiff after his death — Motion for, must be on notice to personal representatives of deceased plaintiff — Practice.*

Where a plaintiff had, pending the action, transferred his interest and died, and after his death his assignee, on notice to the defendant alone, moves to be substituted as plaintiff, the motion should be denied for want of notice to the personal representatives of the deceased plaintiff.

*General Term, November,* 1879.

APPEAL by defendant from order of special term on motion of John Dowling, assignee of plaintiff, to be substituted as plaintiff after death of plaintiff.

*Charles P. Miller*, for appellant.

*E. P. Wilder*, for respondent.

J. F. DALY, *J.*—Plaintiff died during the pendency of the action, and John Dowling, who claimed to be assignee of the cause of action by assignment made during plaintiff's lifetime, upon notice to the defendant only, moved, at special term, for an order that he be substituted as plaintiff. Objection was made that no notice of the application had been given to the personal representatives of the deceased plaintiff. The order was granted and defendant appealed.

In the case of *Franklyn* agt. *Graham*, reported as a note to section 756 of the new Code (1877), and originally reported in 1860 as a note to section 121 of the former Code, it was held by this court at special term (chief justice DALY), that "where a plaintiff had, pending the action, transferred his

interest and died, and after his death his assignee, on notice to the defendant alone, moved to be substituted as plaintiff, the motion was denied for want of notice to the personal representatives of the deceased plaintiff." This decision has been followed for over eighteen years in this court, and has not been, as far as we have any knowledge, questioned in this or any other court of the state.   The practice so established seems to be eminently proper.   It is intended as a check upon any possible fraud upon the estate of the deceased plaintiff, and upon defendant.   If the alleged assignment were a forgery defendant, after paying the judgment obtained by the assignee, would be compelled to pay the claim over again when the action was revived by the personal representatives of the deceased and prosecuted to judgment.   In that aspect of the case defendant has a vital interest in the inquiry as to the genuineness of the alleged transfer.   On the other hand, should the pretended assignee exhaust the ability of defendant by his execution the estate of the deceased plaintiff would be afterwards deprived substantially of the debt.

Defendant has, therefore, an interest in the order, and the representatives of the deceased a still greater interest.   It may be said that defendant had the right, upon the motion, to produce proofs of the want of genuineness of the paper, but greater protection is afforded defendant by notice to the representatives of the alleged assignor of the application for substitution of the assignee, for such notice would work an estoppel against the estate in favor of defendant.   There might be delay to the assignee because of failure to apply for letters of administration on the estate of the deceased plaintiff, but an assignee who elects to prosecute the action in the name of his assignor takes the chances of inconvenience and delay arising from the death of the latter.

Order reversed.

C. P. DALY, C. J., and BEACH, J., concur.