ELIZABETH C. Ross, Appellant, *against* REUBEN Ross, Defendant: ELIZABETH J. PARKINSON, Appellant.

(Decided January 3rd, 1882.)

Where, upon a sale under execution of real estate of a judgment debtor, a surplus remains in the hands of the sheriff after satisfying the execution, an application for the payment of such surplus moneys to a grantee, from the judgment debtor, of the premises sold, may be made by motion in the action in which the execution was issued, if such grantee is not a party to any action against the judgment debtor.

Such an application may be made without notice to the judgment debtor who has absconded and whose whereabouts are unknown, where it is not disputed that he actually conveyed the property to the applicant.

APPEAL from an order of this court made on motion of Elizabeth J. Parkinson, directing the sheriff to pay to her the surplus in his hands arising from a sale of certain premises under an execution in this action against the property of the defendant.

Mrs. Parkinson, to whom the surplus was awarded, was the grantee of the premises in question from the judgment debtor by deed recorded March 30th, 1881.

On the sale under the execution in this action, which took place June 1st, 1881, she bought the premises, paying $702 to the sheriff. He satisfied the execution in this action, and held a surplus of $149.07, which Mrs. Parkinson applied to have refunded to her on the ground that, as grantee of the premises from the judgment debtor, she was entitled to all the surplus after satisfying the execution.

Her application was opposed by the plaintiff herein, who had, in another action brought by her against this defendant, her husband, for divorce, procured an order awarding her alimony against him.

The application was also opposed by Marshall P. Stafford, plaintiff's attorney, who had issued an attachment against defendant's property on June 9th, 1881, in an action brought by

Ross *v.* Ross.

him against defendant for legal services performed at said defendant's request.

The plaintiff urged as ground of appeal: 1st. That Mrs. Parkinson's right could not be enforced by motion; 2d. At least not by motion in this action; 3d. That the order could not be made without notice to the judgment debtor, the defendant; 4th. That the court had no power to award motion costs against Mr. Stafford.

*Marshall P. Stafford,* for appellant.

*L. M. Fulton,* for respondent.

J. F. DALY, J.—[After stating the facts as above.]—A person having a lien on real property sold by virtue of an execution, and being entitled to the surplus arising on such sale, after satisfaction of the execution, may apply to the court from which the process issued for an order directing the sheriff to pay over such surplus. The application is by motion, and if there be a dispute as to the right to the surplus, it will be granted when the equity of the case can be accurately ascertained (*Williams* v. *Rogers,* 5 Johns. 163–7).

It seems proper that such a motion should be made in the action in which the execution is issued, since it must be made to the court from which the execution issued, as the avails of the sale while they remain in the hands of the sheriff are subject to the control of the court (*Van Nest* v. *Yeomans,* 1 Wend. 87–8). If the motion be made by a junior judgment creditor who claims the surplus by virtue of the lien of his execution, it will be made in his own action, as in the cases cited.

But where the application is by a grantee of the premises, who is entitled to the surplus moneys if his deed be not void (*Every* v. *Edgerton,* 7 Wend. 259), and who is not a party to any action against the judgment debtor, there seems to be no good reason why his motion should not be made in the action in which the sale was had and the surplus made.

The ordinary notice of this motion could not be given to

---

the defendant Reuben Ross, because he had absconded, and his whereabouts was unknown.  The court might have required notice by publication, if the facts were doubtful : but the papers submitted by all the parties show beyond a doubt that he actually conveyed this property to Mrs. Parkinson, and the reasons in *McLaughlin* v. *Mayor* (8 Daly, 474), do not apply in this case.  The deed from defendant to her, which is duly executed and recorded, is not denied.

The question of awarding costs against Mr. Stafford, who opposed the motion, does not come up on this appeal, which is not taken by him but by Mrs. Ross.

The order should be affirmed with $10 costs and disbursements.

BEACH, J., concurred.

Order affirmed, with costs.