By the Court.—Sedgwick, Ch. J.
The decision below involved the construction of section 757 Code Civil Procedure. The section is, that in case of the death of a sole plaintiff or sole defendant if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor *124 in interest. The question is, what is the meaning of “ successor in interest.”
I am of opinion that the words refer to the possessor of an interest which, apart from the right to the interest, however' that may be created, commences, or as to the right of enjoyment depends, upon the fact of the death occurring. And they do not refer to an interest gained by transfer from the party by assignment which transfers the interest before the party’s death.
So far as the petitioner rested his motion upon the assignment by the plaintiff in his life time, the motion should have been denied irrespective of the consideration that the transfer assigned the judgment only, which has since been reversed upon appeal.
The petitioner also claimed under an assignment made- by the administratrix of the plaintiff. The proofs on this subject were insufficient. The petition, and there was no other proof on the subject, averred that since the death of Northrup, letters of administration have been taken out on his estate, and the cause of action set up in the complaint was duly assigned by the administratrix by an instrument duly executed and acknowledged to one Pierce, who thereafter transferred and assigned the same to your petitioner. These are not statements of facts but results of opinion or inference from the relevant facts. The expediency of requiring facts to be given is illustrated in this case. The assignment by the plaintiff in his life time, is of the judgment only. Whether this embraces an assignment of the cause of action is a matter of law. But it is necessary for the court to have the assignments made after the death put in evidence, so that it may judge, and not the petitioner, whether they had the efficacy the petitioner gives to them by way of opinion or inference. I am of opinion the motion should have been denied.
*125 The decision here may be made without giving as one of its grounds that there should have been notice of motion to the administratrix of the plaintiff. Nevertheless, it may be said that it is a most expedient rule to require notice of motion to any party that may be affected by a granting of the motion, and especially in such a case as this where- the party to be affected is a party that apparently has a right to continue the action. That- administratrix would have a right to apply to continue the action and would not be bound by the decision of the motion here.
I think the order should be reversed with ten dollars costs, and the motion below denied with ten dollars costs.
Freedman, J., concurred.