### SMITH v. HARRINGTON.

(October 13, 1891.)

ABATEMENT AND REVIVAL — SUBSTITUTION OF TRANSFEREE — AFFIDAVIT — DISCRETION OF COURT.

1. An affidavit by a third person, who asks to be substituted as plaintiff in ejectment, which states that, during the pendency of the action, the original plaintiff transferred, by warranty deed, all her interest in the premises to the applicant, and then died, and that the applicant is now the owner of the property, does not state with sufficient clearness a case entitling the applicant to the substitution, since the deed, while absolute in terms, may be in effect only a mortgage, or it may be a mere colorable conveyance, or void for want of consideration, or procured by duress or fraud.

2. Where plaintiff in ejectment, pending the action, transfers her interest in the land, and then dies, a motion by her assignee, on notice to defendant alone, to be substituted as plaintiff, should be denied for want of notice to the heirs or devisees of the deceased plaintiff.

3. Rev. St. Wyo. § 2401, which provides that, where a party to an action transfers his interest therein, the action "may" be continued in the name of the original party, or the court "may" allow the person to whom the transfer is made to be substituted for him, vests the trial court with a discretion in determining whether or not an application by a transferee to be substituted as a party should be granted; and its decision on the question is not subject to review, except for abuse of discretion.

Error to district court, Laramie county.

Ejectment by Mary Boughton against Henry Harrington. An application by William G. Smith to be substituted as plaintiff was denied, and he brings error. Affirmed.

E. W. Mann, for plaintiff in error. C. N. Potter and Lacey & Van Devanter, for defendant in error.

GROESBECK, C. J. One Mary Boughton brought suit in ejectment against the defendant in error, Henry Harrington, in the district court for Laramie county, by filing her petition in said court on the 5th day of April, 1889. The defendant in error answered, and nothing appears to have been done in the case until June 2, 1890, when there was filed in said court a motion or application by and on the part of the plaintiff in error, Smith, suggesting the death of the original plaintiff, Mary Boughton, July 16, 1889, and alleging that, previous to her death, said plaintiff, Boughton, transferred to said Smith all her interest in the matter and property in controversy. The applicant, Smith, asked that said action may be revived, and that his name may be substituted for that of Mary Boughton, as plaintiff therein. An affidavit was filed in support of this motion and application, stating that Mary Boughton died at Sturgis, Dak., on the day above named; that in her life-time she, by warranty deed of date May 6, 1889, transferred to said Smith all her right, title, and interest in the property and real estate which is in controversy in the action; that said deed was recorded in the office of the county clerk of Laramie county, Wyo.; that affiant and applicant, Smith, is still the owner of the property, and has not transferred his rights acquired by said deed; and that there was no administration of the estate of the deceased plaintiff. It does not appear, from this motion and affidavit, whether or not the said plaintiff, Boughton, died intestate, or left heirs or devisees. It was conceded in the argument of the case that no notice of the motion and application was given to any one, except the defendant in the case below, who appeared by counsel and resisted it. After taking the matter under advisement, the district court overruled the motion, and denied the application. The record does not disclose that any testimony was taken below, in addition to that contained in the affidavit of the applicant, Smith, and the decision

here must rest upon the motion and the affidavit.

1. The substitution of the transferee in lieu of the original plaintiff has not been considered by the courts as a matter of absolute right. The court may impose conditions, and it seems that the application must be made by the transferee, and that he cannot be compelled to come into the litigation. Howard v. Taylor, 11 How. Pr. 380; Packard v. Wood, 17 Abb. Pr. 318; Chisholm v. Clitherall, 12 Minn. 375, (Gil. 251.) The application must show a clear *prima facie* case before the applicants can be permitted to be made parties, (St. John v. Croel, 10 How. Pr. 253, 258;) and the applicant must allege and prove assignment in his own name, (Virgin v. Brubaker, 4 Nev. 31; Mill Co. v. Vandall, 1 Minn. 246, Gil. 195.) Moreover, the court has a right to inspect the conveyance or transfer, and to determine whether or not it is absolute in its terms. The bare statement that the conveyance is a warranty deed is not sufficient, as the instrument passing from Boughton to Smith might be a deed of warranty only in name, and in effect a mortgage or trust-deed. Again, it might be a mere colorable conveyance or a pretended transfer, or void for want of consideration, or procured by duress or fraud, and could be successfully attacked by the heirs or devisees, if any. The case presented by the motion of Smith does not state with sufficient clearness a case to entitle him to the relief sought.

2. The following cases cited hold that notice of applications, like or similar to the one at bar, must be given to the heirs, devisees, or personal representatives of the deceased plaintiff, and we cite the principle apparently governing the decision in each case: The alleged purchaser should give notice to the plaintiffs as well as to the defendants. Howard v. Taylor, 11 How. Pr. 380, supra. "There is no inflexible rule that the court, in a case like this, cannot proceed without the appointment of an administrator of the original plaintiff. The interest of the appellants in the question is that the person substituted should be the real owner of the claim, or, if not, that the real claimant should be concluded by the order." Schell v. Devlin, 82 N. Y. 333. Where a plaintiff had, pending an action, transferred his interest, and died, and after his death his assignee, on notice to the defendant alone, moves to be substituted as plaintiff, the motion should be denied for want of notice to the personal representatives of the deceased plaintiff. McLaughlin v. Mayor, etc., 58 How. Pr. 105. Referring to this principle, the court observe: "This decision has been followed for over eighteen years in this court, [New York common pleas,] and has not been, as far as we have any knowledge, questioned in this or any other court of the state. The practice so established seems to be eminently proper. It is intended as a check upon any possible fraud upon the estate of the deceased plaintiff and upon defendant. If the alleged assignment were a forgery, defendant, after paying the judgment obtained by the assignee, would be compelled to pay the claim over again when the action was revived by the personal representatives of the deceased and prosecuted to judgment. In that aspect of the case, defendant has a vital interest in the inquiry as to the genuineness of the alleged transfer. On the other hand, should the pretended assignee exhaust the liability of defendant by his execution, the estate of the deceased plaintiff would be afterwards deprived substantially of the debt. Defendant has therefore an interest in the order, and the representatives of the deceased a still greater interest. It may be said that the defendant had the right, upon the motion, to produce proofs of the want of genuineness of the paper; but greater protection is afforded defendant by notice to the representatives of the alleged assignor of the application for substitution of the assignee, for such notice would work an estoppel against the estate in favor of the defendant. There might be delay to the assignee because of failure to apply for letters of administration on the estate of the deceased plaintiff, but an assignee who elects to prosecute an action in the name of his assignor takes the chances of inconvenience and delay arising from the death of the latter." So it was held in a leading case in Texas: "If a suit be instituted in the name of one person professedly on its face for the benefit of another, then, on the death of the nominal plaintiff, the suit may proceed in the name of the beneficiary, without reviving in the name of the representatives or heirs. Pasch. Dig. art. 10; Price v. Wiley, 19 Tex. 144; Clark v. Hopkins, 34 Tex. 139. If, however, the suit appears on its face to be for the benefit of the plaintiff, we know of no authority, neither under our statutes and system of procedure, nor under the rules of pleading and practice in

Smith v. Harrington.

equity, for allowing it, after the death of the plaintiff, to proceed in the name of an alleged assignee or beneficiary, until the representatives or heirs of the deceased have been cited and allowed an opportunity to admit or contest the right claimed. It is true that, in equity, suits do not abate on death, but that a bill of revivor will lie by the personal representative or heir according to the nature of the bill, and that in favor of a devisee or purchaser a bill in the nature of a bill of revivor will lie; but to a bill of the latter class the heirs or representatives of the deceased must be parties. Says Justice STORY: 'When a party plaintiff dies, whose interest is transmitted to some other person, if the title be that of mere representative in law, there is no change in the title itself, and the only question that arises is, who is the person entitled to take as representative? that is, in respect to real estate, who is the heir, and, in respect to personal estate, who is the executor or administrator? When this fact is ascertained, the person succeeds by operation of law to the whole title of the deceased. A bill of revivor in such case merely substitutes the representative in lieu of the deceased, and states no new fact as to title, except that of transmission by operation of law. The title of representative or heirship, at least in a court of chancery, is not disputable; but the person in whom it is vested is alone to be ascertained. But, when a party plaintiff claims a title by purchase or devise, he introduces a new title not previously in the case, and which is controvertible, not merely by the defendants in the bill, but also by the heirs at law. As to these parties, the suit is original; it does not merely revive the old suit, but it states new supplementary matter calling for an answer. So far, then, as it states such matter, it is an original bill; and so far as it seeks to revive upon that matter, it is in the nature of a bill of revivor.' Slack v. Walcott, 3 Mason, 512. In the same opinion, Justice STORY quoted from Lord Chief Baron GILBERT, who, in giving his reasons why 'a devisee or assignee of any plaintiff cannot have a *subpœna ad revivendum* after the decease of such plaintiff,' says: 'Because, where a party devises or assigns his interest, and dies, if the devisee or assignee were to bring his bill of revivor against the defendant, the heir or executor would be pretermitted, who might have a right to contest such disposition; and therefore he must bring his original bill,

and make the heir or executor a party.' See, also, Story, Eq. Pi. § 379; 2 Daniell, Ch. Pr. (4th Amer. Ed ) pp. 1518–1524; Russell v. Craig, 3 Bibb, 377; Webster v. Hitchcock, 11 Mich. 56; Peer v. Cookerow, 14 N. J. Eq. 361." Moore v. Rice, 51 Tex. 292. In reviewing this decision, and affirming it, the Texas court say, in a later opinion: "This subject was examined with care in the case of Moore v. Rice, 51 Tex. 290, and the conclusion was substantially as expressed in the above proposition. On the death of parties to a suit pending, their place must be supplied by the appearance of, or citation to, their legal personal representatives, and not by a voluntary substitution of other parties foreign to the record. In case of the death of the plaintiff, an alleged assignee cannot, over the objection of the defendant, come in and prosecute the suit until the representatives or heirs of the deceased have had an opportunity to admit or contest his right. If, however, the defendant acquiesces in such a procedure, he may be precluded from subsequently objecting." Howard v. McKenzie, 54 Tex. 183. See, also, Sedgwick v. Cleveland, 7 Paige, 287; Northrop v. Smith, 9 N. Y. Supp. 802. Some of these cases just cited relate to the practice in courts of equity, but all codes of civil procedure have been largely modeled after the remedial system of courts of equity. Carter v. Jennings, 24 Ohio St. 182; Beach v. Reynolds, 53 N. Y. 1, and the opinion of TALCOTT, J., at general term, following; Coit v. Campbell, 82 N. Y. 509; Chisholm v. Clitherall, 12 Minn. 375, (Gil. 251.) An action at the common law absolutely abated at the death of a party, so far as his interest in the suit was concerned; and the inconvenience resulting from this stringent rule led to the adoption of the more liberal chancery procedure in this regard in the reformed procedure, and therefore the decisions of chancery courts are of great value on the point in dispute here. We have been unable to discover a single authority which dispenses with the salutary rule of giving notice of the application for the substitution of an assignee or transferee in the place of a deceased plaintiff to the defendant and to the heirs, devisees, or the personal representative of the deceased plaintiff. The reason given in the case of McLaughlin v. Mayor, etc., 58 How. Pr. 105, supra, why the heirs or representatives of a deceased original plaintiff should be notified of the application for substitution of the assignee of a chose in action,

might not apply with much force in the case here, as the action is in ejectment here, and for damages for the detention of the demanded premises, or mesne profits in the sum of $3,600. If the applicant had been substituted as plaintiff in the suit, and the result of the action would be the ousting of the defendant, the heirs or personal representatives would not be without remedy, as they could, if the transfer to Smith was void, defective, or fraudulent, oust him by their suit in ejectment; but, as to the mesne profits, the same difficulty might arise as in the case of an assignment of a chose in action sounding in contract. The principle announced and adhered to with so much fidelity by all the courts who have passed upon it is a general one, and we do not wish to adopt a different one, which would be well termed an innovation.

3. The defendant in error insists that the whole matter was addressed to the discretion of the trial court, before whom this application was made, and the following authorities seem to support this view: Beach v. Reynolds, 53 N. Y. 1; Packard v. Wood, 17 Abb. Pr. 318; Sheldon v. Havens, 7 How. Pr. 269; Chickasaw Co. v. Pitcher, 36 Iowa, 593, Carter v. Jennings, 24 Ohio St. 182; Emmet v. Bowers, 23 How. Pr. 301, overruling Shearman v. Coman, 22 How. Pr. 517. In the case of Medbury v. Swan, 46 N. Y. 200, the word "may," as used in a statute similar to ours, was held to be permissive, and not mandatory; and under section 177 of the New York Code, as it then stood, the right to set up new matter by supplementary pleading was held not to be absolute, but within the discretion of the court. The Code of New York was amended in 1879, and this discretion was taken away, and the following cases have passed upon this amendment, viz.: Coit v. Campbell, 82 N. Y. 509; Greene v. Martine, 84 N. Y. 648, affirming 21 Hun, 136; In re Palmer, 115 N. Y. 493, 22 N. E. Rep. 221; Lyon v. Park, 111 N. Y. 350, 18 N. E. Rep. 863; Holsman v. St. John, 90 N. Y. 461. The section of our statute, so far as this application is pertinent, is as follows: "Upon the disability of a party, the court may allow the action to continue by or against his representative or successor in interest; and upon any other transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him." Rev. St. Wyo. § 2401. This is almost identical with the provision of the Codes of the states holding that the word "may" is permissive, and not mandatory. We apprehend that the undisputed rule is that the court may grant the application in its discretion, which may not be subject to review except for its abuse. The matter certainly should be within the discretion of the trial court, in order to protect the rights of all the parties, and of those to whom they may have been transmitted either by death, devise, assignment, or transfer. Certainly, if the legislature had intended that the application for substitution should be granted as a matter of right, the usual and proper words "shall," "will," or their equivalents would have been used.

The disposition of the questions raised renders it unnecessary, or perhaps improper, to review further the sections of our Code referred to in the brief of the plaintiff in error. We deem it our duty to call the attention of the bar to the decisions bearing upon some of these sections, as they construe provisions of the same character. The plaintiff in error insists that he has a right to be let into the suit, under subdivision 4 of division 3 of the Code, (Rev. St. Wyo. § 2531 et seq.;) and also under that portion of section 2401, Rev. St., quoted supra. The first cited sections relate to the revivor of actions, but it is doubtful if they have any application here; as they provide that the action, upon death of a party, may be revived in the name of the personal representative, successor in interest, heir, or devisee, according to the circumstances. The applicant can certainly claim no more than to be a "successor in interest" of the deceased plaintiff, but the decisions upon this point which we have necessarily considered, though few, do not consider the transferee or assignee to be meant by this term. It was held by the superior court of the city of New York, in a case decided May 5, 1890, that "the decision below involved the construction of section 757, Code Civil Proc. N. Y. The section is that, in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon motion, allow or compel the action to 'be continued by or against his representative or successor in interest.' The question is, what is the meaning of 'successor in interest?' I am of opinion that the words

refer to the possessor of an interest which, apart from the right of the interest, however that may be created, commences, or as to right of enjoyment depends, upon the fact of the death concurring; and they do not refer to an interest gained by transfer from the party by assignment which transfers the interest before the party's death. So far as the petitioner rested his motion upon the assignment by the plaintiff in his life-time, the motion should have been denied, irrespective of the consideration that the transfer assigned the judgment only, which has since been reversed upon appeal." This was an action by Charles Northrop against Alfred H. Smith, and the defendant appealed from an order granting the petition of William A. Harding to be substituted as plaintiff. The order was reversed. Northrop v. Smith, (In re Harding,) 9 N. Y. Supp. 802.

An examination of the provisions of our Code relating to revivor of actions, referred to, fortifies this position, as the conditional order of revivor therein allowed "may be made on the motion of the adverse party, or of the representative or successor of the party who died, or whose powers ceased, suggesting his death, or the cessation of his powers, which, with the name and capacities of his representative or successor, shall be stated in the order." Rev. St. Wyo. § 2537. And section 2540, Rev. St., provides that, "upon the death of the plaintiff, the action may be revived in the names of his representatives to whom his right has passed. If his right has passed to his personal representatives, the revivor shall be in his name; and if it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names." Do not these provisions mean that a successor in interest is one who succeeds to the whole or some portion of the estate of a party at death, and not one who obtained title in some portion or even the entire estate in her life-time by voluntary transfer? Again, in section 2401, supra, the rights of a transferee seem to belong to some other "transfer" than the disability of a party. Even here it has been held that there was no relief. If the original plaintiff were living, the substitution might be made, but the right to continue it in the name of the original party is gone when the death of the plaintiff is suggested, and the court cannot longer so continue it. Can the transferee then be substituted? It was held to the

contrary in New York, in the case of Kissam v. Hamilton, 20 How. Pr. 377. The court says: "Nor can Mr. Shepard come in under the clause of section 121, Civil Code N. Y., which provides that, in case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. This clause contemplates a transfer other than by death; contemplates an existing pending action, and the substitution of one person in the place of another, not a case where the action has abated by the death of a party." Yet it has been held in Kansas that where a plaintiff in an action on a note and mortgage assigns the same to a third person, and afterwards dies, it is error to allow such action to be prosecuted to final judgment in the name of the administrator of the estate of the deceased plaintiff; and in such a case, where the assignee is not a party to the action, it is error to render judgment in favor of the administrator, even though expressed as being "to the use of" such assignee. It was held that the action should be revived and prosecuted in the name of the assignee, who is there termed the "successor in interest," and not in the name of his personal representative, to whom his right did not pass. The court stated that "there might be cases where it would be proper for both the administrator and the person claiming to be the successor in interest to be made parties, and to allow them to interplead for the purpose of determining which was entitled to the judgment that might be recovered." Reynolds v. Quaely, 18 Kan. 361. It is not necessary in this opinion to attempt to reconcile these apparently diverse views as to the construction of the remedies provided for by the Code, or to state what steps the plaintiff in error should take to secure a footing in the courts. His application has not met any of the requirements prescribed by an unbroken line of precedents in cases in point, to which we have referred and which we have cited. It did not present a clear *prima facie* case, such as would entitle him to recognition. Notice was not given to the heirs or devisees of the deceased original plaintiff. If there was any evidence presented to the court below, it must have been deemed insufficient to sustain his right, and without such evidence before us for review we cannot pass

Metcalf v. Hart.

upon its sufficiency. Without it, and under the motion and affidavit presented, we think that the district court was justified according to all precedent in denying his motion. The record shows that application was made after the adverse ruling of the court upon the application of plaintiff in error to have the guardian of the minor heirs of the deceased plaintiff, Mrs. Boughton, made the plaintiff, which was also denied, and the case dismissed. We cannot pass upon this question, as it is not before us in this proceeding. Whether or not the guardian of such heirs could have any standing in court, under the rules of the common law and under the provisions of our statutes, it is not our province in this matter to say; neither do we intimate whether or not the district court erred in dismissing the case. The order and judgment of the district court denying the application and overruling the motion of plaintiff in error is affirmed.

CONAWAY and MERRELL, JJ., concur.