PATRICK KEOUGH, Appellant, *vs*, MARTIN McNITT, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The Supreme Court has power to substitute as party to an action, any one to whom the subject matter of the action has been transferred since its commencement.   But in order to exercise such power, the cause must have been brought into this Court in such manner that the Court of original jurisdiction has lost control of it.

Motion in the Supreme Court, to substitute certain parties for the Plaintiff, the subject matter of the action having been assigned to them by the original Plaintiff, pending the action.

SMITH & GILMAN, Counsel for Appellant.

BOND & CLARK, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—This case was originally commenced in the District Court, and was tried by a referee. On the coming in of the report, judgment was entered upon it.   A motion was then made to set aside the judgment and report of the referee and for a new trial, which motion was granted and a new trial ordered.   An appeal was then taken from the order so made to this Court, and the order was reversed, which had the effect of reinstating the report of the referee and the judgment which had been previously set aside.   The appeal from the order did not bring the cause into this Court, but only brought up such parts of the record as were necessary to present the points sought to be reviewed, and when the order was reversed by this Court, the judgment in the Court below stood as if no such order had ever been made.   The Defendant, discovering that Patrick Keough was a resident of the State of Tennessee and had joined the rebel army, filed a supplemental answer alleging these facts pursuant to the statute passed last session of the Legislature, and procured a stay of all proceedings in the cause in the Supreme Court.   To this answer the Plaintiff demurred, and an order was made by the District Court overruling the demur-

rer, from which last mentioned order an appeal was taken to this Court. Now this appeal, like the appeal from the order granting a new trial, did not bring the cause into this Court, but only sufficient of the record to present the question whether the order was properly made, which appeal is still pending and undetermined. Before this second appeal was taken, a motion was made to the District Court to substitute certain parties for the Plaintiff, on the ground that they had succeeded to his interest in the subject matter of the action by assignment. The Court denied the motion on the ground that the cause was not in the District Court, but had been transferred to the Supreme Court by the first appeal. The motion was then made in this Court. As we have shown, the cause has never been out of the District Court, and that Court has never lost control of the same nor the parties. The motion was therefore properly made in that Court in the first instance. This Court has power to substitute as party to an action any one to whom the subject matter of the action has been transferred since its commencement. But in order to exercise such power the cause must have been brought into this Court in such manner that the Court of original jurisdiction has lost control of it.

We deny the motion on the ground that the District Court has the cause, and the substitution should take place there.