BROWN *v.* CARBONATE BANK OF LEADVILLE.

*(Circuit Court, D. Colorado.* May 3, 1888.)

1. BANKS AND BANKING—NATIONAL BANKS—INSOLVENCY—FRAUDULENT TRANSFERS—PLEADING—MISJOINDER OF CAUSES.

The complaint in an action to recover the value of certain notes alleged to have been the property of a bank of which plaintiff was receiver, and to have been wrongfully converted by defendant, contained two counts. The first charged that an officer of plaintiff's bank surreptitiously took these notes from its vaults, and delivered them to defendant, which took with knowledge,

etc.; the second charged that plaintiff's bank, in contemplation of insolvency, and with a view to prevent the application of these assets in the way prescribed by law, transferred them to defendant. *Held,* that a demurrer on the ground of a misjoinder of causes of action would not lie, the two counts in reality stating but one cause of action.

2. SAME.

The first count states clearly and distinctly what would be tantamount to the common-law action of trover, and does not attempt to unite that form of action with one under Rev. St. U. S. § 5242. declaring void all preferences made by a national bank after, or in contemplation of, insolvency.

3. SAME—CONCLUSIONS OF LAW.

The allegation in the second count of the complaint, that plaintiff's bank, having refused to pay its circulating notes, and suspended payment to its creditors, and, being in default, and in contemplation of insolvency, assigned and transferred certain notes to defendant, with a view to prevent the application of its assets among its creditors in the manner provided by law, is not open to objection as stating merely conclusions of law.

At Law.   On demurrer to complaint.

*A. W. Rucker,* for plaintiff.

*S. D. Walling,* for defendant.

BREWER, J.   In the case of *J. Sam Brown, Receiver,* v. *The Carbonate, Bank of Leadville,* there is a demurrer to the complaint.   The gist of the complaint is the recovery of the value of certain notes alleged to have been the property of the First National Bank of Leadville, of which the plaintiff is receiver, and to have been wrongfully obtained and converted by the defendant.   The complaint is in two counts.   The first charges in substance that one of the officers of the First National Bank surreptitiously took these notes from the vaults of that bank, and delivered them to the defendant, which took with knowledge of the circumstances; the second alleges that the First National Bank, in contemplation of insolvency, and with a view to prevent the application of these assets in the way prescribed by law, transferred them to the defendant.   The demurrer raises—*First,* the question of a misjoinder of causes of action.   Obviously this is not well taken, for a demurrer lies on the ground of misjoinder only when there are two causes of action united in one complaint, which, by reason of a dissimilarity in their nature, ought not to be prosecuted together, as, for instance, one cause of action in ejectment with one for libel.   Under the statutes, no such joinder can be had.   Here, even if there were two different transactions,—two separate causes of action for the recovery of distinct and independent assets,—each cause of action would rest upon an implied promise to pay, would be similar in nature, and the two could be joined in one complaint.   As a matter of fact, there is but one cause of action stated in two counts.   The *second* ground of the demurrer running to the first count is that there is an attempt in it to unite a cause of action—the old common-law action of trover—with one under the statute.   Section 5242, Rev. St.   I think this is a mistake.   It states clearly and distinctly what would be tantamount to an old common-law action of trover,—the wrongful receipt and conversion of these notes by the defendant.   Other matters are stated which may not be necessary to a full presentation of that cause of action,

—statements of facts surrounding and accompanying the transaction, which may be unnecessary,—but no objection of that kind can be reached by demurrer. The other objection is to the second count, and it is claimed that that states merely conclusions of law. It charges briefly that the First National Bank of Leadville, having refused to pay its circulating notes, and suspended payment to its creditors, and being in default, and in contemplation of insolvency, assigned and transferred to the defendant, with a view to prevent the application of its assets among its several creditors in the manner in such cases made and provided by law, certain notes then described. That is enough. It states a cause of action clearly under the statute. It is not necessary to state the evidence, —describe what circumstances created the condition of insolvency or the manner in which the transfer was made. It is enough to allege that the bank acted in contemplation of insolvency, and with a view to prevent the application of these assets as required by law.

The demurrer will be overruled. Leave to answer in 15 days.