[No. 592.   Decided January 23, 1890.]

The Tacoma Lumber and Manufacturing Company v. The City of Tacoma.

CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS.

In an action for damages for the destruction of logs by fire, negligently set by defendant in opening a street, the fact that plaintiff had cut the logs, upon lands adjoining the street, in the month of February, and had left them upon the ground where cut, lying in the midst of thick brush and weeds, which extended to the limits of said street, until their destruction in August, does not constitute contributory negligence on the part of plaintiff.

Under such circumstances, an instruction by the court that it was a question for the jury to decide whether the negligence of plaintiff contributed to the loss, is erroneous.

*Error to District Court, Pierce County.*

The southern end of Pacific avenue, in the city of Tacoma, for a distance of about one-fourth of a mile, had

been opened as a narrow road through standing timber.
The land adjoining was the property of the Tacoma Land
Company, who gave appellant the privilege of cutting the
timber thereon, and taking the logs.   The trees had been
cut by appellant about the month of February, 1887, and
allowed to remain where they fell all summer.   About the
month of August, 1887, the city of Tacoma ordered said
narrow road in Pacific avenue to be opened to a width of
twenty-four feet, and cleared from stumps, logs and brush.
In doing this fire escaped to the adjoining lands, and de-
stroyed a part of appellant's logs.

On the trial of the cause the court, among other instruc-
tions, gave the following: " If you shall find that plaintiffs
permitted their logs to remain an unreasonable time laying
upon the ground surrounded by brush, grass and combus-
tible material, and that his doing so amounts to negligence
on the part of plaintiff, and that this directly contributed
to the injuries sustained by plaintiff, then your verdict
should be for defendant."

The appellant assigned as errors the giving of the in-
struction above, and the insufficiency of the evidence to
justify the verdict in favor of defendant.

*Judson v. Sharpstein & Sullivan*, for plaintiff in error.

The doctrine of contributory negligence has no applica-
tion to the facts proved in this case.   *Kellogg v. Chicago,
etc., Ry. Co.*, 26 Wis. 231, *et seq.; Weymire v. Wolfe*, 3
N. W. Rep. 541; *Wright v. Brown*, 4 Ind. 95 (58 Am.
Dec. 622); *Austin v. New Jersey, etc., Co.*, 43 N. Y. 75;
*Davis v. Mann*, 10 Mees. & W. 545; *Williams v. N. P.
R. R. Co.*, 14 N. W. Rep. 97; *Cooper v. Central Railroad*,
44 Iowa, 134–8; *Spencer v. Illinois, etc., R. R. Co.*, 29
Iowa, 55; *McKean v. B. C. R. & N. Ry. Co.*, 7 N. W.
Rep. 505; *Richmond, etc., Co., v. Anderson's Adm'rs*, 31
Gratt. 812; *Kerwhacker v. Cleveland, etc., Co.*, 3 Ohio St.
172–184; *Beems v. Chicago, etc., R. R. Co.*, 12 N. W. Rep.

222; *Toledo, etc., Ry. Co. v. Bray,* 57 Ill. 514; *Illinois, etc. R. R. Co. v. Wren,* 43 Ill. 77; *O'Brien v. McGlinchy,* 68 Me. 552; *Missouri Pacific Ry. Co. v. Weisen,* 65 Tex. 443; Shearm. & Red. Neg. (2d ed.) § 25; Whart. Neg. §§ 323, 324, 328, 335; 2 Thomp. Neg. pp. 1154, 1157.

*Thomas Carroll* and *W. H. Snell,* for defendant in error.

Owners of property contiguous to a street or railroad are equally chargeable with the company for want of care. *Stone v. Gardner,* 71 Am. Dec. 268; *Ohio, etc., R. R. Co. v. Shanefelt,* 47 Ill. 497 (S. C. 95 Am. Dec. 504); *Collins v. New York, etc., R. R. Co.,* 5 Hun, 499; *Murphy v. Chicago, etc., R. R. Co.,* 45 Wis. 222 (S. C. 32 Am. Rep. 721); *Fero v. Buffalo, etc., R. R. Co.,* 22 N. Y. 214.

Appellee had a right to build fires to open up the street. It was impossible to clear the land in any other way, and an action will not lie for doing a lawful act in a careful manner. *Fahn v. Richart,* 8 Wis. 255 (S. C. 76 Am. Dec. 237); *Radcliff v. Brooklyn,* 4 N. Y. 195; *Clark v. Foot,* 8 Johns. 421; *Stewart v. Hawley,* 22 Barb. 622.

The opinion of the court was delivered by

Hoyt, J.—Plaintiff in error sued the defendant in error to recover the sum of seven hundred dollars as damages for burning of saw logs alleged to have been caused by the negligence of defendant in kindling fires, in the opening of Pacific avenue, a street in the city of Tacoma.

Issues were joined, trial had, and verdict and judgment for defendant.

The court instructed the jury upon the subject of contributory negligence by plaintiff, and the only question presented by the record and argued here is as to the propriety of such instructions.

The only evidence upon that subject was to the effect that plaintiff had cut the logs in question upon lands adjoining said street in the month of February, and had left

them on the ground where cut until they were destroyed in August following; that the logs were in the midst of thick brush and weeds, which extended to the limits of the street in question.

Did this testimony *tend* to show such negligence on the part of the plaintiff as could be held to have contributed to the destruction of said logs by the fire set by the defendant in the opening of said street?

If it did, the action of the court below was correct, as it is the province of the jury to pass upon the sufficiency of the evidence; but if it did not, then the action of such court was wrong, as it is error to submit to a jury an issue in regard to which no evidence has been introduced.

We are of the opinion that the latter proposition is true, and that the testimony did not, in the least degree, show such negligence on the part of the plaintiff, as, under the law, could be held to have contributed to the loss.

In fact, it seems to us that the plaintiff was guilty of no negligence whatever, as we think he had a perfect right to cut the logs and leave them upon the premises as he did, and was entitled, at any and all times, to have them protected from the wrongful, or negligent, acts of any and all persons.

In this view of the undisputed evidence in the case, it follows that there was no question of the negligence of the plaintiff having contributed to the loss for the jury to decide, and that the giving of the instruction complained of was error, for which the judgment must be reversed, and the cause remanded for a new trial; and it is so ordered.

ANDERS, C. J., and DUNBAR, SCOTT, and STILES, JJ., concur.