## NICKERSON *v.* CRAWFORD.

*(Supreme Court, Special Term, New York County.* June 25, 1890.)

PARTIES—SUBSTITUTION—ASSIGNMENT OF CAUSE OF ACTION.

An action to restrain a nuisance maintained by defendant on property adjoining plaintiff's premises, and for damages caused by the nuisance, is not an action for a personal injury, and on the transfer of plaintiff's premises, alleged to be affected by the nuisance, the right of action passes to the transferee, who is entitled to be substituted as plaintiff.

At chambers. Action against George Crawford and another to restrain the use of a stable adjoining plaintiff's property. Afterwards plaintiff conveyed his premises to one P. William Nickerson, and assigned to him his cause of action against defendants; After this conveyance and assignment to him, P. William Nickerson made a general assignment for the benefit of creditors. The assignees in said general assignment, Caleb B. Knevals and Elihu B. Frost, now move to be substituted as plaintiffs in said action.

*John C. Coleman,* for the motion. *R. A. Pryor,* opposed.

INGRAHAM, J. This action is brought by plaintiff as owner of a house and lot in the city of New York, to restrain a nuisance maintained by defendants upon adjoining property, and for damages caused by the nuisance. It is the application for equitable relief that gives a court of equity jurisdiction, and the action thereby becomes an equitable action. That cause of action, however, vested in the plaintiff as the owner of the adjoining premises. As a mere individual, disconnected with his ownership of the property, he would have no right of action to abate the nuisance. It is only because of the special injury sustained by him as owner of the adjacent premises that he can maintain an action in equity to restrain the continuance of the nuisance. The action is, therefore, not one for personal injury, but an equitable action for an injunction, and for the damages caused by the wrongful act complained of, and the depreciation of the rental value of the premises owned by plaintiff would be the measure of damages if he succeeded in establishing that the defendants maintained a nuisance. On the transfer by plaintiff of the property to restrain an injury to which the action is brought, the right

of action passed to the transferee, and I think he should be substituted as the plaintiff in this action. Motion will therefore be granted, with $10 costs to abide the event.