[No. 548. Decided December 13, 1892.]

WILLIAM H. BOX AND HENRY C. RHODES, *Respondents*,
v. JOHN KELSO, E. A. WEBSTER AND JOHN F. DARE,
*Appellants*.

ACTION FOR DAMAGES— EVIDENCE — TRANSFER OF PLAINTIFFS'
INTEREST— CONTRIBUTORY NEGLIGENCE—AMBIGUOUS INSTRUC-
TIONS.

Where plaintiffs in an action to recover damages for the loss of
certain standing trees and the timber in certain shingle bolts had,
subsequent to the commencement of such action, made a general
deed of assignment for the benefit of their creditors, the defendants
cannot place such deed in evidence for the purpose of defeating the
action, as under Code Proc., §147, providing that "no action shall
abate . . . by the transfer of any interest therein, if the cause
of action survive or continue," and that the action may "be con-
tinued by or against his representatives or successors," the plaint-
iffs are entitled to prosecute the action to final judgment in their
own names, and when the assignee becomes entitled to the interest
of the plaintiffs he alone is the proper party to move in the matter
of substitution.

In an action to recover for the loss of shingle bolts which were
destroyed by reason of fire negligently communicated to plaintiffs'
premises by the acts of the defendants, the fact that the bolts had
been left lying on the ground among limbs, brush and other rub-
bish, and, because of the dryness of the season, were extremely
likely to be consumed in case of the breaking out of a fire, does
not constitute contributory negligence, and it is not error for the
court to omit to charge the jury on that subject.

The giving of incomplete and ambiguous instructions by the
court is not ground of error, unless the court has been requested
to make his instructions more full and complete, and has refused.

*Appeal from Superior Court, Lewis County.*

*Griggs & Lockwood* (*J. F. Greathouse*, of counsel), for
appellants.

*Reynolds & Stewart*, for respondents.

BOX v. KELSO. 361

Dec. 1892.]    Opinion of the Court—ANDERS, C. J.

The opinion of the court was delivered by

ANDERS, C. J.—The respondents brought this action against the appellants to recover damages for the loss of certain standing cedar trees, and the timber in certain shingle bolts, on an eighty acre tract of land described in the complaint, which property they alleged was, on September 5, 1890, destroyed by fire by reason of the negligence and carelessness of the appellants.

It appears from the evidence that one Dodge had contracted with the respondents to convert the timber on the land described in the complaint into shingle bolts and deliver the same to the respondents, on the bank of the Chehalis river, and that, in pursuance of his agreement, he had caused to be cut, on the east forty acres of said land, between the month of May and the said 5th day of September, some six or seven hundred cords of bolts, which at the latter date were still lying on the ground where they were cut.

The timber on the land adjoining the premises of the respondents on the north had been mostly cut down the year previous, and the bodies of the trees cut into shingle bolts, and the tops, limbs, bark and refuse parts of the trees were scattered all over the ground and were very dry and inflammable. About the 1st of May the appellants, with a large number of men, commenced to clear a right-of-way for the Yakima & Pacific Coast Railroad Company on this adjoining tract, and about two or three hundred yards north of the land upon which the respondents' property was burned. In doing this work the appellants piled up the logs, brush and other combustible material which was upon the right-of-way, and set fire to it. On the said 5th day of September a fire broke out on the land immediately south of the right-of-way, which quickly extended across the same and to the timber and shingle bolts of the re-

spondents, which it consumed.    It was claimed by the respondents, and denied by the appellants, that this fire was communicated from the right-of-way on account of the negligence and carelessness of appellants in watching and tending the fires thereon kindled by them.

At the trial the appellants offered in evidence a deed of general assignment from the respondents to one John Newland, as assignee, for the benefit of their creditors, which bore date sometime subsequent to the commencement of this action.    The court refused to permit the deed to be introduced in evidence, and appellants duly excepted. This ruling of the court is assigned as error.    It is claimed by the learned counsel for the appellants that, by that deed of assignment, all of the property of the respondents, including the right to maintain this action, passed to the assignee, and that the evidence offered was material upon the question of ownership, and ought therefore to have been admitted and the cause dismissed, or the assignee substituted as plaintiff and the cause continued.    In other words, it is insisted that the rejected evidence would have shown that the respondents were not the real parties in interest, and, consequently, had no right to prosecute the action.    No question is made as to the right of the respondents to institute this action, but it is claimed that they lost the right to further prosecute it by the making of their assignment.    In this we think counsel are in error. At common law the death of the plaintiff, or the termination of his interest in the subject matter of the action, was good ground upon which to base a plea in abatement.    But under our statute the rule is different.    By § 134 of the Code of Procedure it is provided that ''every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law.''    But this section must be taken in connection with § 147, by which its operation is limited.    The latter section provides that ''no ac-

BOX v. KELSO.                363

Dec. 1892.]    Opinion of the Court—ANDERS, C. J.

tion shall abate by the death, marriage or other disability
of the party, or by the transfer of any interest therein, if
the cause of action survive or continue; but the court may
at any time within one year thereafter, on motion, allow
the action to be continued by or against his representatives
or successors.'' Under the provisions of § 147 this action
did not abate, even if, as appellants claim, the interest of
the respondents therein was transferred to their assignee
*pendente lite.* And this being so, we think that the re-
spondents were entitled to prosecute it, in their own names,
to final judgment. If the assignee became entitled to the
interest of the plaintiffs in the action he was the proper
party to move in the matter of substitution, and not the
defendants. *Smith v. Harrington,* 3 Wyo. 503 (27 Pac.
Rep. 803). As against the latter the plaintiffs had a right
to remain in court until their case was tried. *Moss v.
Shear,* 30 Cal. 467.

In the case of *O'Neil v. Dougherty,* 46 Cal. 575, the
court held that the bankruptcy of the appellant, though
adjudicated before the taking of the appeal, will not pre-
vent the prosecution of the appeal in the name of the appel-
lant, and that the respondent would not be heard to object
upon that ground, and, further, that the appeal might be
prosecuted either in the name of the bankrupt or in that
of the assignee. And in *Elliot v. Teal,* 5 Sawy. 188,
which was an action for the recovery of the possession of
land, and where the plaintiff had conveyed the same to a
third person during the pendency of the suit, it was held
by the court that, under the statutes of Oregon, which are
in nearly the same language as ours, the transfer of the
property did not abate the action or prevent the vendor
from further prosecuting it in his own name. This ruling
of the court was made upon an application of the defend-
ant for leave to file a supplemental answer alleging the
transfer of the property and that the plaintiff was no longer .

the real party in interest.  The application was denied on the ground that the matter alleged was immaterial.

If it be conceded that the assignee in this case had a right to be substituted as plaintiff in the action,' and the court had refused to make the substitution upon his application, the appellants could not have been injured, for the cause of action, as well as their liability, would have remained the same.  We therefore think that the action of the court in refusing to admit in evidence the deed of assignment was not prejudicial to their interests and constitutes no ground for the reversal of the judgment.

The appellants next complain of the instructions given by the court to the jury at the request of the respondents. The objections are: (1) That the instructions are predicated upon an hypothetical statement of facts which fails to include the question of contributory negligence; (2) that certain of the instructions are vague and incomplete, and therefore misleading; and (3) that the judge in instructing the jury assumed certain facts as proven as to which there was no testimony, or upon which the evidence was conflicting.

As to the first objection, it may be observed that, although the appellants attempted to put in issue, by their answer, the question of contributory negligence, they failed to request the court to charge the jury upon that subject, and apparently forgot that it was an issue in the case. They now insist, however, that the evidence shows such negligence on the part of the respondents as will preclude a recovery by them, even if the appellants themselves were negligent.  The evidence is undisputed that the respondents' shingle bolts which were destroyed were left lying on the ground among limbs, brush and other rubbish, and consequently extremely likely to be consumed in case of the breaking out of a fire.  But is the fact that the bolts were not removed as fast as manufactured from the woods to

BOX v. KELSO.    365

Dec. 1892.]    Opinion of the Court—ANDERS, C. J.

the river where they were ultimately to be delivered, evidence of such negligence on the part of the respondents as will charge them with having contributed to the injury complained of? We think not. While it may be true that this property might not have been destroyed if it had been in some other place, or differently situated, still we are of the opinion that ordinary prudence did not require the respondents to provide against the negligent acts of others which they had no reason to anticipate. Nearly all of these bolts had been cut and were lying in the woods before the appellants ever kindled a fire or appeared in the neighborhood. No fires are shown to have been seen in the vicinity of the respondents' premises prior to the time when appellants commenced to work upon the right-of-way, and that was less than a week before the fire occurred which, it is claimed, was the result of their negligence. And, under these circumstances, we think no negligence can be imputed to the respondents. They had a perfect right to cut their timber into shingle bolts and to leave them upon their own premises as they did, and, as was said by this court in *Tacoma Lumber & Mfg. Co. v. Tacoma*, 1 Wash. 12 (23 Pac. Rep. 929), "were entitled at any and all times to have them protected from the wrongful or negligent acts of any and all persons." From what we have said it follows that the court committed no error in failing to instruct the jury upon the question of contributory negligence.

Nor do we think that the remaining objections to the instructions of the court are tenable. A careful examination of the whole charge fails to disclose any error of which appellants can justly complain. It is true that several of the instructions given at the request of the respondents, and especially the third, are somewhat incomplete and ambiguous, but the proper remedy for such defects is to request the court to make his instructions more full and specific. If this

had been done and the court had refused the request, there would then have been just ground of error. Having failed to take this precaution, appellants cannot here avail themselves of the omission of the court. Thompson on Charging the Jury, p. 166.

In this case the court, in addition to the instructions complained of, gave all the instructions asked by appellants — fourteen in number — except one, which was withdrawn; and not content with that, the court fully charged the jury upon the questions in issue upon its own motion. And taking the instructions all together, we think the law of the case was presented to the jury as favorably for appellants as the evidence would warrant.

It is further urged that the verdict is against the evidence for the alleged reason that there was no testimony showing any negligence on the part of the appellants. We have carefully read all of the testimony in the record, and, while it is contradictory, we think it is sufficient to sustain the verdict of the jury.

The judgment must be affirmed, and it is so ordered.

SCOTT, DUNBAR, STILES and HOYT, JJ., concur.