[No. 4650.   Decided December 31, 1903.]

JOHN S. BAKER, *Respondent*, v. NORTHWEST BUILDING &
·INVESTMENT COMPANY *et al., Appellants.*[1]

ACTIONS — ABATEMENT — PARTIES — SUBSTITUTION — TRANSFER OF
INTEREST PENDING APPEAL.   Where a temporary injunction re-
straining a public nuisance is granted at the suit of the owner of
property specially affected thereby, and an appeal from such in-
junction is taken, a purchaser of the property pending the appeal
is entitled to be substituted as plaintiff and respondent in place
of the former owner, under Bal. Code, § 4837, providing that a
suit shall not abate by the transfer of any interest therein.

Application to substitute Peter A. Berg, successor in
interest of the respondent, upon an appeal from an order
of the superior court for Pierce county, Chapman, J., en-
tered February 24, 1903, temporarily restraining a public
nuisance specially injurious to certain lots owned by the
plaintiff, and transferred to said Berg pending the appeal.
Granted.

·   *Charles O. Bates,* for applicant, Peter A. Berg.

*James F. O'Brien* and *Newton H. Peer,* for appellants.

*J. M. Ashton* and *W. L. Sachse,* for respondent.

PER CURIAM.—This was an application by Peter A.
Berg to be substituted as plaintiff and respondent in this
case in place of John S. Baker.   The action was brought
in the lower court by John S. Baker to restrain the con-
tinuance of a public nuisance in the city of Tacoma.   The
complaint alleges in substance that the plaintiff was the
owner of three certain lots of land in Tacoma adjoining
property upon which a bawdy house was being maintained
by defendants, and that, by reason of the proximity of said

[1]Reported in 74 Pac. 825.

bawdy house to his said lots, plaintiff was specially injured in a manner different from the general public. Upon a hearing in the lower court defendants' demurrer to the complaint was overruled, and an injunction *pendente lite* was issued. From the order overruling this demurrer and granting the restraining order, the defendant appealed to this court. After the appeal had been taken, the respondent Baker sold all his interest in and to the lots owned by him, and described in the complaint, to the applicant, Peter A. Berg. Mr. Berg now moves this court to be substituted as respondent in place of Mr. Baker.

We think the application should be granted. § 4824, Bal. Code, provides that every action shall be prosecuted in the name of the real party in interest. § 4837 provides that no action shall abate by the transfer of any interest therein, if the cause of action survive or continue, but the court may allow the action to be continued by the successor in interest. Under code provisions similar to our own, substitution has been allowed in the following cases: *Mc Kinnis v. Scottish Am. Mortgage Co.*, 55 Kan. 259, 39 Pac. 1018; *Keough v. McNitt*, 7 Minn. 29; and *Nickerson v. Crawford*, 11 N. Y. Supp. 503.

The respondent, having sold and assigned all of his right, title, and interest in and to the property affected by the nuisance, has no further special interest in the case. The fact that he was the owner of the property described, and that this property was specially affected differently from other property in the community, gave him standing to maintain the action in a court of equity. Without these facts appearing, he was not entitled to maintain the action for injunctive relief. When he parted with the property, he parted with his right to maintain the action. The cause of action, however, continued with the property. The new owner has the same right to maintain the action as the old

owner had.   When the applicant purchased the property, he succeeded to all the rights of the respondent, and, under the plain terms of the statute above named, is entitled to be substituted as respondent and to have exclusive control of the litigation.   The application is therefore granted, and the applicant is substituted as respondent in place of John S. Baker.