[No. 9162.  Department Two.  November 15, 1910.]

Thomas F. Trumbull *et al.*, *Respondents*, v. Jefferson County *et al.*, *Appellants.*[1]

Appeal—Dismissal—Cessation of Controversy — Record — Conclusiveness—Affidavits.  A cessation of the controversy, by reason of a transfer of the interests of one of the parties prior to the trial or to the making up of the issues, cannot be shown in the supreme court by affidavits contradicting the record made by the judgment and statement of facts, no mention of such transfer having been made in the pleadings or proceedings and no notice having been taken thereof until after appeal taken.

Lis Pendens—Rule of—Effect—Appeal—Benefit of.  After the filing of a *lis pendens*, a grantee of the real estate, the subject-matter of the suit, is entitled to the benefit of an appeal taken by his grantor, the rule of *lis pendens* being that the action may proceed without any notice being taken of the grantee *pendente lite*.

Motion to dismiss an appeal from a judgment of the superior court for Jefferson county, Still, J., entered April 5, 1910, in an action to vacate a tax judgment and deed.  Denied.

*A. W. Buddress* and *James W. B. Scott*, for appellants.

*Trumbull & Trumbull*, for respondents.

Crow, J.—This action was commenced by Thomas F. Trumbull and Lida P. Trumbull, his wife, against Jefferson county and Harry Hart, its treasurer, to vacate a tax foreclosure judgment and set aside a tax deed affecting real estate to which the plaintiffs claim title.  From a decree in their favor, the defendants have appealed.

The present hearing is upon respondents' motion to dismiss the appeal.  They contend that, since the commencement of the action and prior to judgment, the county conveyed its interest in the real estate to one P. M. Coyne; that the appellants are not aggrieved by the final judgment, and cannot prosecute this appeal.  In support of their motion

[1]Reported in 111 Pac. 569.

they have filed affidavits and certified copies of records showing that, when this action was commenced, they filed a notice of *lis pendens* with the auditor of Jefferson county, and that on the next day the appellant Harry Hart, as treasurer of Jefferson county, sold to P. M. Coyne all the right, title, and interest of the county in and to the real estate. The transscript shows that the action was commenced on April 10, 1908. No suggestion of the sale to Coyne appears in any of the pleadings, although the issues were not completed until March 9, 1910, the date of the trial. From the statement of facts it appears that the cause was tried on the issues raised between the respondents and appellants; that no mention of the transfer to P. M. Coyne was made during the trial, and that no motion was made to substitute him as a defendant.

Respondents' contention is that, by reason of the transfer, the county has no further interest in the subject-matter of the action, and that the controversy has ceased. In support of their contention they cite a number of cases from this court in which it appeared that some action such as a satisfaction of the judgment had occurred, which determined the controversy. Here nothing changing the situation of the parties has occurred since judgment. The deed upon which respondents now predicate their motion to dismiss was executed and recorded almost two years before the trial. Not a suggestion of the transfer was made prior to trial, judgment, or appeal. The statement of facts has attached thereto the certificate of the trial judge, under date of June 13, 1910, that it contains all material facts, matters, and proceedings theretofore occurring in the cause and not already a part of the record. The appellants now support their motion by a showing that the transfer was made prior to the framing of the issues, after the commencement of the action, and long prior to trial or judgment. Matters outside of the record occurring after judgment, which affect the right of an appellant to prosecute his appeal, may be shown to and considered by the appellate court on a motion to dismiss. But

no such showing should be permitted as to matters occurring prior to judgment. They should be incorporated in the record by proper procedure at the instance of the litigant who intends to rely upon them. In *Merriam v. Victory Min. Co.*, 37 Ore. 321, 56 Pac. 75, 58 Pac. 37, 60 Pac. 997; discussing this rule of practice, the court well said:

"It is quite well settled that evidence of facts outside of the record, occurring after the rendition of the judgment in the court below, and which affect the proceedings of the appellate court, when deemed necessary, will be received and considered by such court for the purpose of determining its action: *Ehrman v. Astoria R. Co.*, 26 Or. 377 (38 Pac. 306); *Dakota County v. Gilidden*, 113 U. S. 222, 28 L. Ed. 891 (5 Sup. Ct. 428); *Elwell v. Fosdick*, 134 U. S. 500, 33 L. Ed. 998 (10 Sup. Ct. 598). But the record of the court below, upon which the appeal is based, cannot be contradicted or varied by an *ex parte* showing in the appellate court."

Notwithstanding the existence of the alleged transfer to Coyne, made two years prior to the trial, the respondents failed to plead or prove the same. They predicated no claim on the transfer in the court below, but during the trial upon the merits, at all times treated the county and its treasurer as the only necessary parties in interest. A *lis pendens* was filed, and any one thereafter making a purchase of the land would be bound by the judgment against the appellants to the same extent as if he were a party to the action. Rem. & Bal. Code, §§ 243, 803, 806. Our code expressly provides that no action shall abate by the transfer of any interest therein. In *Box v. Kelso*, 5 Wash. 360, 31 Pac. 973, this court said:

"At common law the death of the plaintiff, or the termination of his interest in the subject-matter of the action, was good ground upon which to base a plea in abatement. But under our statute the rule is different. By § 134 [179, Rem. & Bal.] of the Code of Procedure, it is provided that 'every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law.' But this

section must be taken in connection with § 147 [193, Rem. &. Bal.] by which its operation is limited. The latter section provides that 'no action shall abate by the death, marriage or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or continue; but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors.' Under the provisions of § 147 this action did not abate, even if, as appellants claim, the interest of the respondents therein was transferred to their assignee *pendente lite.* And this being so, we think that the respondents were entitled to prosecute it, in their own names, to final judgment. If the assignee became entitled to the interest of the plaintiffs in the action he was the proper party to move in the matter of substitution, and not the defendants. *Smith v. Harrington,* 3 Wyo. 503, 27 Pac. 803. As against the latter the plaintiffs had a right to remain in court until their case was tried. *Moss v. Shear,* 30 Cal. 467."

After the county transferred its interest to Coyne, he either could have been substituted as a party defendant on his motion, or he could have consented to a continuation of the action in the name of his grantors for his benefit. The final judgment would adjudicate his rights. Under the doctrine of *lis pendens,* if he so elected, he should be permitted to obtain, in the names of his grantors, by appeal if necessary, any benefit resulting from the litigation. Had the county obtained judgment, the present respondents could have prosecuted an appeal, and they cannot now insist that rights of the appellants' vendee cannot be protected by an appeal prosecuted by his grantors for his benefit.

In a foot note to *Stout v. Philippi Mfg. & Mercantile Co.,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. 843, at page 857, Mr. Freeman, sustaining his position by numerous citations of authority, thus states the rule:

"The rule of *lis pendens* is, as to persons and property within its operation, that a court having jurisdiction of a suit or action is entitled to proceed to the final exercise of that jurisdiction, and that it is beyond the power of either

of the parties to prevent .its doing so, by any transfer or
other act made or done after the service of the writ, or the
happening of such other act as may be necessary to the com-
mencement of *lis pendens.* If either of the parties assumes to
make, after the law of *lis pendens* has become operative, any
transfer of the subject-matter of the litigation, or to create
any incumbrance or charge against it, or to enter into any
contract affecting it, or to deliver possession of it to another,
the action or suit may proceed without taking any notice
whatever of such transfer, encumbrance, or change in posses-
sion, and the final judgment or decree, when entered, may be
carried into effect notwithstanding the attempted dealing with
the subject-matter thereof; . . . "

The rule thus stated should be applied for the benefit of
the vendee of either party, and we hold that the appellants,
on the record before us, are entitled to prosecute this appeal
for the benefit of their grantee who obtained his rights, sub-
sequent to the commencement of this action and the filing of
the notice of *lis pendens.* When a party makes a purchase
of real estate the subject-matter of a pending action, such
action will be deemed as still pending until its final determina-
tion on appeal, and a motion to dismiss the appeal because of
such purchase and transfer should be denied, as the appeal is
for the benefit of the vendee. *Sykes v. Beck,* 12 N. D. 242,
96 N. W. 844.

In *Moore v. Jenks,* 173 Ill. 157, 165, 50 N. E. 698, the
court said:

"It is well settled, that, while a grantee or vendee or as-
signee *pendente lite* may not be a necessary party to the pro-
ceeding, yet his interests are represented by the vendor or
grantee or assignor, who is a defendant to the proceeding.
Thus, in *Norris v. Ile,* 152 Ill. 190, we said: The purchaser
*pendente lite* 'is not a necessary party, because his vendor or
grantor continues as the representative of his interests, and
the plaintiff or complainant may ignore his purchase and pro-
ceed to final decree against the original parties.' It follows
that, under the circumstances of this case, appellant has a
right to appeal as the representative of those holding under
him, who are not parties to the suit. It would be a gross in—

.justice to hold that a purchaser *pendente lite* is not a neces-
sary party to a proceeding, and yet to hold that he has no
right to appeal, or right of review by writ of error, through
the defendant under whom he holds."

The motion is denied.

RUDKIN, C. J., DUNBAR, CHADWICK, and MORRIS, JJ.,
concur.