BARKER v. EDWARDS.

(Circuit Court of Appeals, Ninth Circuit. July 7, 1919.)

No. 3261.

1. GIFTS ⊕49(1)—GIFT OF STOCKS—EVIDENCE TO SUSTAIN.

Evidence *held* to sustain a finding that a testatrix at the time of her death owned certain stock, as against the claim of a gift of the same to her son, and that it passed as part of her residuary estate.

2. CORPORATIONS ⊕619—DISSOLUTION—TITLE TO PROPERTY—OFFICERS FOR SETTLING AFFAIRS.

Under Rev. Codes Mont. §§ 3906, 6700, on dissolution of a corporation its directors become trustees, with power to settle its affairs and to sell property, but without title, which, subject to the trust, vests in the stockholders, who as to its real estate become tenants in common.

3. WILLS ⊕748—ACTION BY LEGATEE—PARTIES—SUIT BY TENANT IN COMMON.

A suit by a legatee or devisee of stock in a Montana corporation, which owned real estate, but which had been dissolved by expiration of its term of incorporation, to recover her interest from a third person who claims ownership, is not one to recover the stock for the benefit of the estate, but one brought as tenant in common of the property under Rev. Codes Mont. § 4796, and may be maintained without joining the other devisees or the executors.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by Florence E. Edwards against David L. S. Barker. Decree for complainant, and defendant appeals. Affirmed.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Freeman & Thelen, of Great Falls, Mont., for appellant.

John A. Coleman, of Lewistown, Mont., and T. J. Walsh, C. B. Nolan, Wm. Scallon, and Walsh, Nolan & Scallon, all of Helena, Mont., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Jane Barker died December 23, 1912, leaving a will under which Sarah Ford Josephine Barker and J. C. E. Barker qualified as executors. There were six heirs, David L. S. Barker, Sarah Ford Josephine Barker, J. C. E. Barker, Herbert A. Barker, Carter Barker, and Florence E. Edwards. By the will Sarah Ford Josephine Barker was bequeathed certain property in Great Falls, Mont., and $10,000, and the residue of the estate was to be converted into money and divided equally among the remaining five sons and daughters, share and share alike.

This suit is brought to establish that Jane Barker, the deceased, was the owner of 427,670 shares of stock in the Big Seven Mining Company, and that under her will Florence E. Edwards, appellee, and other heirs have become the owners thereof. It appears that E. J. Barker, a son of Jane, died in 1899, and Marcella, his widow and administratrix, claimed that the estate of E. J. owned the shares now involved, although they stood in the name of Jane, his mother. Certain litigation between Marcella and David, who had been administrator, resulted in an order of the state court that the shares should be delivered to Marcella as administratrix. There was no adjudication that the estate of E. J. was the owner of the stock, and no order compelling transfer upon the books of the Mining Company was made.

The contention of the plaintiff herein is that about 1903 David L. S. Barker, appellant herein, in order to protect his mother in her ownership of the stock, made an agreement with Jane Barker, his mother, that he would advance the money to buy any claim of right, title, and interest in the shares of stock held by the estate of E. J. Barker, and would hold them in trust for her until such time as she would repay moneys advanced for the purchase; that afterward David L. S. Barker caused the stock to be bought through Sarah Ford Josephine Barker, his sister, and that he holds the stock in trust under the agreement for the estate of his mother; that he refuses to turn it over or to account and asserts ownership in himself. The defendants deny that the heirs of Jane Barker have any interest in the stock, and put in issue the allegations of the complaint with respect thereto, and also challenge the jurisdiction of the court. The District Court held that David Barker was not the owner of the stock, that when the time of the existence of the Big Seven Mining Company expired, Jane Barker was the owner of the shares, and that the rights to them passed by her will. David L. S. Barker appealed.

The Big Seven Mining Company was incorporated in December, 1892, with a term of existence for 20 years from December 20, 1892. E. J. and David L. S. Barker were two of the incorporators, and E. J. Barker acquired in his own name 435,500 shares.

The evidence as to how Mrs. Barker originally acquired the shares

issued to her is certain testimony given by her and by David L. S. Barker in connection with certain probate proceedings in the district court of the state of Montana, in the matter of the estate of her son, Edward J. Barker, and also certain statements made by David Barker in the present case. In these probate proceedings referred to, the substance of the statements of Jane Barker was that her son, E. J., in his lifetime, had given her the stock; and David Barker also testified therein that the stock belonged to his mother, and not to E. J., his deceased brother. The stock stood in Jane Barker's name, and, although she had signed the blank indorsements on the certificates, the shares were never transferred. She gave E. J., her son, a power of attorney, but in 1895 by letter to his mother he acknowledged her ownership. The certificates had been issued to her at various times in 1894, 1895, and 1896. We are of opinion that Jane was properly held to be the owner of the shares.

It is of importance also to note that the order of court requiring David, administrator of the estate of E. J. to deliver the shares of stock to Marcella was made in the probate proceedings, and not in an independent action to test the right of ownership of the certificates. David Barker was dissatisfied, and as administrator appealed to the Supreme Court of the state, and it was there held (In re Barker's Estate, 26 Mont. 279, 67 Pac. 941), that if the shares belonged to the estate or came into the hands of David Barker as administrator, the order of the probate court was proper, but that if the property did not belong to the estate, and David did not hold it as administrator, the probate court had no power to compel him to part with it; that upon settlement of accounts the court had no power to adjudicate and finally determine questions of title between the estate and third persons, as that could only be done by action in which the parties could have a trial in the ordinary way.

Jane Barker was not a party to the proceeding in the state court; it was a matter between Marcella Barker, widow of E. J. Barker as party in interest in the estate and as administratrix, and David L. S. Barker alone.

In 1903 the administratrix of the estate of E. J. Barker obtained an order of court for the sale of the estate of E. J. Barker, and pursuant to an understanding between the administratrix and Violet Barker, acting for David, Violet Barker bid for all the estate. Sale of the assets was made and confirmed, and the certificates of stock of the Big Seven Mining Company, which had been put in escrow in a bank, were delivered by the bank to Violet Barker for David. In the returns of sales made by the administratrix and in the order of confirmation the stocks sold are described as 435,500 shares of the capital stock of the Big Seven Mining Company owned by the estate of E. J. Barker, "also, all the right, title and interest of the said estate in and to 427,670 shares of the capital stock of the Big Seven Mining Company standing on the records of said company in the name of Jane Barker," and also certain other property not material to this controversy. Thirteen thousand dollars were paid for all the assets of the estate of which $9,000 was paid on account of the stocks, including shares of corporations other than the Big Seven Mining Company.

[1] David Barker's contention is that in 1906 his mother gave him the 427,670 shares standing in her name by handing over the certificates with the statement that they were his. His sister, Sarah, testified that she saw her mother give her brother an envelope in which were certificates of Big Seven Stock; but on cross-examination the testimony of the sister was to the effect that she did not see the certificates, but that her mother said that the envelope which was handed over contained stock. David testified that after the purchase at the administrator's sale, his mother thought she owned the stock, and that the certificates, when given to him by his mother, were in a package or envelope to which was attached a slip of paper on which were written the words, "This stock belongs to David L. S. Barker Jane Barker October 26, 1906." This slip is an exhibit sent up, but the envelope to which it is now attached is not the original, appellant saying that the original to which the slip was attached was worn out and thrown away. But in 1908 David wrote to his mother, who was then in San Antonio, and referred to the Big Seven stock that had been turned over to him by her "for protection against the balance of the Barkers until I get my money out of it." Furthermore, David sent to his mother a list of what she had in Neihart, and included therein "426,000 shares of Big 7 stock with $13,000.00 and interest against the same." The evidence tends to show that the letter to the mother and the list sent were written at the same time, and that both papers were obtained by the plaintiff, Florence Edwards, from Carter Barker in Texas about 1914. The written statement of David that there were $13,000 against the stock is probably not true, because David had paid only $13,000 for all the assets of the estate of his brother, E. J. Barker, and only $9,000 were paid on account of the mining stocks, which included more than 10,000 shares of stock of another company. David, in support of his plea of a gift, introduced a letter written to him by his mother, dated January 7th, at San Antonio. The letter itself gives no year, but the contention of David is that it was written in 1909. In it his mother says:

"Now about this mining stock. I will never need it. But I beg of you to give Herby & Family some help. * * * About the stock J. C. wanted me to sign some paper but I knew better as it would only cause trouble & I guess I know who helped me in many things. Wont sign as I told him I owned no stock. But I beg of you do your best give no trouble; it was about our house because Carter arranged after I pass out my children get each a share inside of year not wait to they die. * * * *"

When all the evidence is considered, the statement by the mother that she would never need the stock does not impel the inference that she intended to make a gift and not to permit the stock to be held as a security. If she had intended to relinquish all her right to the stock, she would not have said that after her death her children would each receive a share of her estate inside of a year, and not wait until they died. This is a reasonable view when we remember that, except for the shares here involved, there appears not to have been enough property in the estate even to pay in full the legacy of $10,000 left to the daughter, Violet. And furthermore, it is in evidence that Jane Barker claimed ownership of the stock up to the time of her

death, for Mrs. Edwards, to whose evidence the court below gave credit, says that her mother, just a few days before she died, said that she owned the stock, that she had provided for one daughter in her will, and that the stock and whatever else she had was to be divided among the other heirs.

We think it is unnecessary to refer at greater length to the testimony upon the question of the ownership of the stock. Whether Jane Barker gave the stock to David was purely a question of fact, dependent for decision upon the credibility of the witnesses; and, there being ample substantial evidence in support of the conclusion reached, we will not disturb the decision made.

[2] Appellant contends that there was a lack of jurisdiction. Florence Edwards sued as a citizen of California, while defendants are citizens of Montana. It is said that this is an action to determine title to stock and to have title to stock decreed in trust for the estate of Jane Barker, deceased, and that, therefore, all the heirs and legatees of the estate are necessarily interested parties, and in no way antagonistic to the claim of plaintiff, except David L. S. Barker, and that all the heirs and the executor and executrix are indispensable parties.

The property to which Florence E. Edwards alleges a right is that which belonged to a mining corporation, dissolved by operation of law; dissolution having occurred before the death of Jane Barker. The property itself is real estate. The certificate of shares may be the evidence of the ownership and the right to the possession of the certificates may be a subject of litigation, yet we believe that a stockholder may assert her right without having to allege anything about the certificates of stock. As the legatee of Jane Barker, plaintiff, became invested with a title, legal or equitable, as it may be, in and to an undivided share of the property of the dissolved corporation, and we think she could assert her right in her own name as distinct from any right in the executor of the estate. By sections 3906 and 6700 of the Revised Codes of Montana, directors of a corporation, at the time of its dissolution, become trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and as such trustees are authorized to execute all grants of real estate owned by such corporation. When a corporation is dissolved the District Court on application of any creditor of the corporation, or any stockholder, may appoint one or more persons to be trustees to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, and to pay the outstanding debts thereof and to divide the moneys and other property that shall remain over among the stockholders or members. The sections referred to are very similar, respectively, to section 565 of the California Code of Civil Procedure and section 400 of the Civil Code of California.

In Havemeyer v. Superior Court, 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192, it was held that upon the dissolution of a trading corporation its property belongs, after payment of its debts, to those who were stockholders at the time of the dissolution. And in Rossi v. Caire, 174 Cal. 74, 161 Pac. 1161, the court held that where a corporation ceases to exist it is no longer capable of

holding the title or possession of property, but that it belongs to the persons who were its stockholders at the time it ceased to be a corporation, and the right of possession passes to the directors by force of the statute making them trustees to settle the corporate affairs, since such right must be necessary for that purpose.

[3] It would seem that in Montana stockholders of a dissolved corporation become vested with a full title, legal as well as equitable, and that the liquidating trustees of a dissolved corporation have the right of possession, with full power of sale, but without title. But, however that may be, as against third persons our opinion is that stockholders of such a corporation stand as in a relationship of tenants in common, and may assert a legal as well as an equitable title. Payne v. Hook, 74 U. S. (7 Wall.) 425, 19 L. Ed. 260; Byers v. McAuley, 149 U. S. 609, 13 Sup. Ct. 906, 37 L. Ed. 867; Union Mill & Mining Co. v. Dangberg (C. C.) 81 Fed. 73. Section 4545 of the Revised Codes of Montana provides that the grantee or devisee of real property subject to a trust acquires a legal estate in the property as against all persons except the trustees and those lawfully claiming under them. Again, section 4796 of the Revised Codes of Montana provides that a devise or legacy given to more than one person vests in them as owners in common, and it is well established by the authorities cited above that one owner or tenant in common may maintain an action for the protection of his rights in the property without joining his co-owners, and that the right of an heir or legatee to maintain an action in his own right will lie. Jellenik v. Huron, 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647. See, also, Waterman v. Canal Louisiana Bank, 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80.

In the decree made by the court, the relief does not affect the rights of the executors or of any person except the defendant, David L. S. Barker. Whatever rights the executors may have, or the third parties who have liens may have, are preserved. This restricted relief granted protection of the individual rights of Florence Edwards and dispenses with the necessity for making the executors parties to the litigation, and, nothing having been determined which affects the rights of the executors, they are not indispensable parties, and J. C. E. Barker is not to be aligned as a party plaintiff herein. Nor do we believe the other heirs are indispensable or necessary parties. The decision in favor of Mrs. Edwards is not conclusive against them. If they are represented by executors so as to be bound by an adverse decree, they are not necessary parties, while if they are not so represented, obviously they cannot be bound by a decree to which they are not parties.

It is quite evident from the record that J. C. E. Barker as executor was not willing to bring and carry on a suit to recover the shares due to Florence Edwards, and that David and his sister, Sarah Ford, are opposed to any recovery by Florence because in their answer they have denied her right, and denied that Jane Barker owned the stock.

Believing that a just and proper decision was made, the decree is affirmed, with costs in favor of appellee.