## DENMAN et al. v. RICHARDSON.

(District Court, W. D. Washington, S. D. July 12, 1921.)

No. 2791.

1. **Corporations ⟨⟩320(5)—Stockholder's suit against officers for misappropriation only maintainable where he was such at time and on allegations of inability to obtain relief through corporation or directors.**

　　The right to maintain a suit against officers of a corporation for misappropriation of funds is in the corporation, and such suit may be maintained by a stockholder only where he was such at the time of the transactions complained of and on allegations showing his inability to obtain relief through the corporation or its directors or trustees.

2. **Corporations ⟨⟩320(4)—Corporation necessary party to stockholder's suit against officer.**

　　Where a corporation is a going concern, it is an indispensable party to a stockholder's suit to recover property alleged to have been misappropriated by an officer.

3. **Corporations ⟨⟩619—Stockholder may maintain suit for misappropriation against trustees of dissolved corporation.**

　　On dissolution of a corporation under Rem. & Bal. Code Wash. § 3707, the trustees become trustees for the creditors and stockholders and a stockholder may sue for recovery of money or property alleged to have been misappropriated by a trustee.

4. **Assignments ⟨⟩24(1), 121—Right of action of stockholder held assignable.**

　　The right of action of a stockholder of dissolved corporation against a trustee for misappropriation of property of the corporation is assignable, and under Rem. & Bal. Code Wash. § 179, requiring actions to be brought in the name of the real party in interest, the assignee may maintain the suit in his own name.

5. **Action ⟨⟩50(2)—Complaint in different capacities held demurrable for misjoinder of causes.**

　　Rem. & Bal. Code Wash. § 296, providing that plaintiff may unite several causes of action in the same complaint, does not authorize joinder of causes of action, in some of which plaintiff sues in his own right and in others as agent and attorney in fact.

6. **Parties ⟨⟩6(2)—Agent cannot maintain action in his own name.**

　　Under Rem. & Bal. Code Wash. § 179, requiring actions to be brought in the name of the real party in interest an agent cannot maintain an action on behalf of his principal in his own name.

7. **Action ⟨⟩50(3)—Parties with several rights of action cannot join.**

　　Parties whose rights are several cannot join in an action at law for money had and received.

At Law. Action by Frederick Denman and another against Charles Richardson. On demurrer to complaint. Demurrer sustained.

George P. Fishburne, of Tacoma, Wash., for plaintiffs.
Kerr & McCord, of Seattle, Wash., for defendant.

NETERER, District Judge. The defendant has filed a demurrer, on all statutory grounds, to the fifth amended complaint. The complaint, so far as material here, in the first count alleges the incorporation of the Pacific Cold Storage Company; ceasing of business of said corporation on May 1, 1918; the adoption of a resolution at a regular

meeting of the stockholders May 31, 1918, by unanimous vote of the stockholders to dissolve the corporation; instructions of its officers and trustees to sell all of its property, collect all money, and distribute the proceeds and all funds of the corporation to its stockholders; that no new business was done after May 1, 1918, and that the formal order of dissolution was entered on the 2d day of June, 1919, in a state court having jurisdiction, and the relation of stockholder is set out; and that during the active business life of the corporation profits were realized, and some were paid to the stockholders upon declared dividends; that other profits 'were accumulated, and were available for distribution at the time of dissolution, and were so distributed, except "a portion unlawfully appropriated by defendant, * * *" and then alleges an appropriation by the defendant of $18,000.00; that of such sum the plaintiff Denman, and those by him represented, are entitled to $4,981.60; said appropriation being made by the defendant while acting "as trustee and president" of such corporation.

Count 2 alleges the same fact with relation to incorporation and dissolution and relation of stockholder, and states that the defendant while acting as such trustee for the shareholders of said company, after said company had ceased to do business and its dissolution, unlawfully appropriated to his own use from the "capital return" of said corporation various sums of money, of which sums the plaintiff Denman, and his principals are the owners of $4,851.00, together with interest. It is contended by the defendant that there is a defect of parties plaintiff and defendant, and a misjoinder of causes of action, and that the complaint does not state a cause of action; that if a misappropriation was made the corporation is the proper party plaintiff, and that the indebtedness, if any, is due to the corporation and not to the stockholders; that the corporation should be defendant if it is not plaintiff, and that the other trustees should be parties defendant; that the plaintiff. has not capacity to sue.

[1, 2] I think that it is settled that the right to maintain a suit against officers of a corporation for misappropriating its property is in the corporation. The stockholder may only bring an action for the ownership of the stock vested in him at the time of the wrongs complained of, and if he made earnest effort to obtain redress at the hands of the trustees (Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827), or state that the corporation is in the hands of alleged wrongdoers (United Copper Co. v. Heinze, 244 U. S. 265, 37 Sup. Ct. 509, 61 L. Ed. 1119), and where the corporation is a going concern it is a necessary party (Davenport v. Dows, 18 Wall. 626, 21 L. Ed. 938).

[3] When, however, a corporation ceases to be a going concern and a receiver is appointed, all rights of the corporation vest in the receiver. Porter v. Sabin, 149 U. S. 475, 13 Sup. Ct. 1008, 37 L. Ed. 815. By the same token upon the dissolution of a corporation, the trustees at the time of the dissolution shall be trustees ·of the creditors and stockholders (section 3707, Rem. & Bal. Code), "and shall have full power and authority to sue for and recover the debts and property of the corporation." Upon dissolution of the corporation, the corporate· entity ceased. The corporation has no power to sue. All rights of the

corporation are ended, and the property and funds of the corporation are vested in the trustees for the stockholders. All debts are paid, it is alleged. The trustees are trustees not of the corporation, but by operation of statute, of the individual stockholders, to the extent of the interest of the stockholder in the fund or property. If the trustee is guilty of wrongdoing, the remedy of the stockholder cannot be through the corporation because it has no entity.

[4] It is alleged that the defendant misappropriated the funds while acting as trustee for the stockholders. There is, therefore, no occasion for any action on the part of the trustee. It is charged that the defendant trustee has the funds, and declines to account for them, nor is it necessary to bring an action to declare a trust, as in Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 Sup. Ct. 533, 63 L. Ed. 1099, or in Barker v. Edwards, 259 Fed. 484, 170 C. C. A. 460, because the trust is established by statute. The action is not in tort, but for money had and received, and can be maintained only against the party who has the funds. Simmons v. Spencer (C. C.) 9 Fed. 581.

An action must be commenced in the name of the real party in interest. Section 179, R. & B. Wash. Code. Miller, a stockholder, had a right to institute an action for transgression of his rights, and thereafter had a right to transfer his interest by reason of being a stockholder, and the beneficial interest accruing thereby, and the purchaser be substituted and prosecute the action to final judgment. Box v. Kelso, 5 Wash. 360, 31 Pac. 973; Baker v. Northwest Bldg. & Inv. Co., 33 Wash. 677, 74 Pac. 825; Trumbull v. Jefferson County, 60 Wash. 479, 111 Pac. 569, 140 Am. St. Rep. 943; Bell v. Jovita Heights Co., 71 Wash. 7, 127 Pac. 289. This action, not being one arising out of a personal tort, may be assigned. Ingersoll v. Gourley, 72 Wash. 462, 130 Pac. 743; State ex rel. Baeder v. Blake, 107 Wash. 294, 181 Pac. 685. And the chose in action might be assigned without first bringing an action.

[5] The joining of several causes of action is sought to be justified by section 296, Rem. & Bal. Code, which provides:

"The plaintiff may unite several causes of action in the same complaint, * * * but the causes of action so united must affect all the parties to the action, and not require different places of trial, and must be separately stated."

The plaintiff Frederick L. Denman complains because of wrongs to him personally, and as assignee of the Miller interest in this action, and complains as agent and attorney in fact for A. H. Denman, and as agent and attorney in fact for Thomas Larson, and as agent and attorney in fact for F. C. Hewson, five different parties, and five individual rights or interests to which Denman has no claim.

[6] This section of the statute clearly refers to causes of action all of which are reposing in the same party. Upon the face of the complaint it is apparent that Frederick L. Denman seeks to recover by reason of money had and received upon certain shares held by him, and then as agent he seeks to recover for shares belonging to his several principals. This authority is predicated upon a power of attorney attached as an exhibit to the complaint, which authorizes him "to collect

by law or equity or otherwise recover the amounts. * * * " The authority only authorizes him to proceed in law or equity and by section 179, supra, all actions must be instituted in the name of the real party in interest. The power of attorney does not authorize him to institute an action in his own name, if that were permissible under the statute, nor are the choses in action assigned for the purposes of the action. It is clear that there are six different causes of action enuring to as many different principals; and the plaintiff Denman is the real party in one and has succeeded to the interest of another since the action was commenced.

In Bell v. Jovita Heights Co., 71 Wash. 7, 127 Pac. 289, the choses in action were all assigned to the plaintiff. Denman and Miller and other stockholders, by reason of being stockholders, have no joint or common interest; their interest is separate, the wrong is distinct, and each must bring his separate action, or assign the chose in action to one who may bring one action by separately stating each.

[7] If the defendant had taken the stock of the several parties and declined to surrender it on demand, it would not be contended that the stockholders could unite in one action to recover the possession of the stock to each severally. Instead of being charged with taking the stock, the defendant is charged with taking the dividends of property represented by the stock and belonging to the stockholders severally. The plaintiff styles this "an action at law for money had and received." Several parties may not combine to enforce a legal right which is several to each. The principle contended for is illogical, and no case is cited which sustains the theory to any extent. Brown v. Carbonate Bank of Leadville (C. C.) 34 Fed. 776, is an action by a receiver in which he proceeds in his representative capacity representing all of the creditors. Chicago Hansom Cab Co. v. Yerkes, 141 Ill. 320, 30 N. E. 667, 33 Am. St. Rep. 315, was an action to set aside a fraudulent sale by one stockholder, representing one-third of the capital stock, against the secretary and a stockholder of the concern who had secretly confederated to acquire all of the stock and property of the corporation, and who by resolution directed the sale of the property over the protest of the other stockholder and had the property bought in by a third party. Wickersham v. Crittenden, 93 Cal. 17, 28 Pac. 788, is an equitable action to enjoin misappropriation of corporate funds. Nunnally v. Strauss, 94 Va. 255, 26 S. E. 580, was an application for a receiver for an abandoned corporation for the purpose of having its assets administered and applied to the payment of its debts. In Bomar v. Means, 37 S. C. 520, 16 S. E. 537, 34 Am. St. Rep. 772, four judgment creditors united in having a fraudulent conveyance set aside, the benefits from which were common. Dill v. Johnston (Okl. Sup.) 179 Pac. 608, was an action by a stockholder to compel an order for a dividend of assets of the corporation. Commonwealth v. Seltzer, 227 Pa. 410, 76 Atl. 77, 136 Am. St. Rep. 896, was an action by stockholders against a corporation to compel an accounting and award of profits; the corporate entity being unimpaired.

This being an action at law for money had and received by the defendant, the parties may not unite their several choses in action in one

cause .of action. The motion of the defendant to transfer the action to the equity side of the court is denied. This is an action at law for money had and received, but several causes of action are improperly united; and plaintiff Denman has not capacity to sue as agent for his principal, he· not being the real party in interest.

The demurrer is sustained.